[No. 12835.   In Bank. — March 29, 1889.]

## H. S. BYAM, RESPONDENT, v. GEORGE CASHMAN ET AL., APPELLANTS.

INJUNCTION BOND — RESTRAINING ORDER — DISMISSAL. — When a temporary restraining order is made upon an application for a temporary injunction, and the restraining order is limited to the pendency of the motion for a temporary injunction, upon condition that a bond be filed to pay all damage resulting from the restraining order, a bond given in considera-tion of a writ of injunction, pending the hearing of the action, is not such a bond as was contemplated by the restraining order, and imposes no liability, if the action be dismissed for want of jurisdiction, without the preliminary injunction prayed for in the bill.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Beatty & Denson,* and *Robert T. Devlin,* for Appellants.

The sureties are entitled to stand on the precise terms of their contract. (*Ovington* v. *Smith,* 78 Ill. 250; *Tarpey* v. *Shillenberger,* 10 Cal. 390; *Pierce* v. *Whiting,* 63 Cal. 538; *People* v. *Buster,* 11 Cal. 215; *Hall* v. *Williamson's Adm'rs,* 9 Ohio St. 17; *Miller* v. *Stewart,* 9 Wheat. 702;

*State* v. *Medary,* 17 Ohio, 554, 565; *McGovney* v. *State,* 20 Ohio, 93; *Ashby* v. *Tureman,* 3 Litt. 6; *Ferguson* v. *Tipton,* 1 B. Mon. 28; *Morgan* v. *Morgan,* 4 Gill & J. 395.)

*McKune & George,* for Respondent.

Injunction bonds must be construed *ut res majis valeat quam pereat.* (*Halway* v. *Myers,* 11 W. Va. 276.) The restraining order was an injunction according to the true intent and meaning of the bond. (*Prader* v. *Grim,* 13 Cal. 585.) The sureties are estopped from denying that the injunction issued. (*Fowler* v. *Scott,* 11 Ark. 675; *Autland* v. *Yell,* 8 Ark. 345; *Jackson* v. *Parkhurst,* 9 Wend. 209; *Cowen* v. *Jackson,* 4 Pet. 83; *Sinclair* v. *Jackson,* 8 Cow. 543; *Allen* v. *Suckett,* 3 J. J. Marsh. 166.) The dismissal of the suit was a final determination that plaintiff was not entitled to the injunction, and gave a cause of action for damages on the bond. (*Porter* v. *Hopkins,* 63 Cal. 53; *Dowling* v. *Polack,* 18 Cal. 625; *Leese* v. *Sherwood,* 21 Cal. 164; *Swan* v. *Tienans,* 81 Ind. 243; *Mitchell* v. *Sullivan,* 30 La. 231; *Towle* v. *Towle,* 46 N. H. 431; *Anderson* v. *Coleman,* 56 Cal. 124.)

Thornton, J.—On the 16th of September, 1885, Cashman commenced a suit in equity in the circuit court of the United States for the ninth circuit, district of California, against Byam and others, defendants, and in his bill prayed for a writ of injunction, pending the hearing of said suit against the defendants, enjoining and restraining them from the commission of certain acts set forth in the bill, and that on the final hearing the writ be made perpetual.

Upon an application to the judge of the circuit court, the Hon. Lorenzo Sawyer, for the writ prayed for, the judge made an order that the defendants in the action, and each of them, show cause on the second day of November, 1885, why a temporary injunction, as prayed for in the bill, should not be issued, and that the defendants, and each of them, be and are enjoined and restrained,

until the decision upon said motion, from committing or suffering any of the acts sought to be enjoined by the said bill of complaint, said preliminary restraining order to issue and take effect upon filing in this cause, approved as directed by the order, a bond in the sum of ten thousand dollars, payable to the defendants, conditioned that plaintiff will pay the defendant such damages, not exceeding the sum above mentioned, as said defendants, or each of them, may sustain by reason of said restraining order, if said court shall finally decide that the complainant was not entitled thereto.

This order was made on the 12th of September, 1885, and on the same day the bond on which this action was brought was filed.    This action is brought against Cashman and two of the sureties on the bond.

The bond has as a caption in the title of the court and cause, following which it is recited therein, that whereas the complainant above named has commenced an action in the court above named against certain defendants (giving their names), and in his prayer for relief has asked for a writ of injunction pending the hearing of said action against said defendants, and enjoining and restraining them from the commission of certain acts, as in the bill of compaint filed in said action are more particularly set forth and described.

Then follows the condition of the bond, which is in these words:—

"Now, therefore, we, the undersigned, George Cashman as principal, C. W. Pierce, Frederick Cox, H. C. Wilson, and N. D. Rideout as sureties, in consideration of the premises (and of the issuing of said writ of injunction), do jointly and severally undertake in the sum of ten thousand dollars ($10,000), lawful money of the United States of America, and promise to the effect, that in case said injunction shall issue, the said complainant will pay to said defendants, the said parties enjoined, such damages, not exceeding the sum of ten thousand

dollars ($10,000), lawful money of the United States of America, as said defendants, or either of them, may sustain by reason of the said injunction, if said circuit court shall finally decide that such complainant was not entitled thereto."

On the hearing of the order to show cause the court dismissed the bill for want of jurisdiction.

On the trial of this action a verdict and judgment were rendered against the defendants, and this appeal is prosecuted by them from the judgment and an order denying their motion for a new trial.

Appellants' contention is, that the bond which was executed was not the bond ordered by the order of the 12th of September, 1885; that the parties by the instrument executed agreed to become liable only in case the temporary writ of injunction prayed for in the bill should issue; that such writ was never ordered to be issued and never did issue, and therefore the defendants never became liable on the bond which was executed.

It clearly appears from the foregoing that the bond executed was not such a bond as was directed by the order of the 12th of September, 1885. This is apparent in the recital and in the condition of the bond given. The recital is of a writ of injunction pending the hearing of the action. The condition refers to the recital. The parties to the bond, "in consideration of the premises, and of the issuing of *the said writ of injunction*," do undertake, etc. There is here a double reference to the recital, one in the word "premises," and the other in the words "said writ of injunction,"—*said writ* referring directly to the writ of injunction mentioned in the preceding recital, which was a writ which would be of force "pending the hearing of the action"; that is to say, during the pendency of the action. It is manifest that the writ of injunction just above mentioned was not the writ directed to be issued by the order of the 12th of September. The writ then ordered was one to be of

force until the hearing of the motion to show cause why the preliminary injunction prayed for in the bill should not issue.

We think it follows from the foregoing that the defendants, having executed a bond which was never authorized to be executed by any order of the court, never assumed any responsibility to the plaintiff which he could enforce by action.

It is further manifest that the writ of injunction on the issuance of which the parties to the bond in suit agreed to make themselves responsible was never issued, for on the hearing of the order to show cause, the court not only refused to order the writ to issue, but dismissed the cause for want of jurisdiction.

As this conclusion disposes of the action, it is unnecessary to pass on the other points made.

The judgment and order are reversed, and the cause remanded, to be proceeded with according to the views expressed in this opinion.

So ordered.

PATERSON, J., SHARPSTEIN, J., and WORKS, J., concurred.