[S. F. No. 8038.   In Bank.—September 15, 1916.]

## A. C. ARMSTRONG, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

CERTIORARI — EXCESS OF JURISDICTION. — *Certiorari* lies only to review an excess of jurisdiction, and errors in the exercise of jurisdiction may not be considered in such a proceeding.

ID.—EQUITY—LABOR DISPUTES—INJUNCTION AGAINST ALL PICKETING— APPEAL.—A court of equity is not without jurisdiction to enjoin a labor union from any and all "picketing," as that term is used in connection with labor disputes, and error, if any, is so doing, is a mere error in the exercise of jurisdiction and reviewable only upon direct appeal from the order.

ID. — LABOR UNION — MAY BE SUED BY COMMON NAME — CONTEMPT. — Under section 388 of the Code of Civil Procedure, an action to enjoin "picketing" may be maintained against the members of an unincorporated labor union by their common or associate name, and all members of the association having knowledge of the terms of any injunction issued therein, as well as all its officers, agents, representatives and employees, having such knowledge, are bound thereby and guilty of contempt in any willful violation thereof.

APPLICATION for a Writ of Certiorari to review an order of the Superior Court of the City and County of San Francisco adjudging a person guilty of contempt of court.

The facts are stated in the opinion of the court.

Henry B. Lister, and Devoto, Richardson & Devoto, for Petitioner.

THE COURT.—This is an application for a writ of *certiorari* to review an order of the superior court of San Francisco adjudging one A. C. Armstrong guilty of contempt of court, and imposing a penalty therefor.

The contempt alleged was disobedience, with knowledge of the terms thereof, of a restraining order of said court made in an action pending therein, whereby the defendants, being certain voluntary associations, alleged to be associations composed of more than two persons associated in business and transacting such business under a common name, including

Cooks' Union No. 44 and their members, officers, agents, representatives, and employees, and various fictitious defendants, were enjoined and restrained from placing or stationing or maintaining pickets in front of the plaintiff's place of business. Violation of this order on the part of petitioner and others, alleged to be members of said Cooks' Union No. 44, and to have violated the same with knowledge of its terms, were alleged in the affidavit upon which the contempt proceeding was based, and the superior court found, after hearing the parties on an order to show cause, that Armstrong was guilty of such violation.

In view of the fact that *certiorari* will lie only to review an excess of jurisdiction, and that errors in the exercise of jurisdiction may not be considered in such a proceeding, we see no good ground for the granting of the application. Something is said, for instance, in support of the claim that the restraining order is too broad in that it enjoined *all* "picketing," the theory being that there are certain kinds of "picketing" as that term is used in connection with labor disputes, that should not have been enjoined. However this may be, we are satisfied that it cannot be held that a court of equity is without *jurisdiction* to enjoin any and all picketing, as it has done in this case, and that if there be any error in this regard, a matter as to which we are not to be understood as intimating any opinion, it is simply error in the exercise of jurisdiction which can be reviewed by a higher court only upon direct appeal from the order.

We deem it proper to say in reply to certain claims made by counsel for petitioner in their brief filed with the application as follows: First, We are all of the opinion that the provisions of section 388 of the Code of Civil Procedure authorize the maintenance of an action of the character of the one in which the restraining order was made, against the members of such associations as are described in the complaint in that action, in their common or associate name, and that all members of any such association having knowledge of the terms of any injunction issued therein, as well as all their officers, agents, representatives, and employees having such knowledge, are bound thereby and guilty of contempt in any willful violation thereof.

Second: The restraining order provided *"that upon plaintiff furnishing a bond in the sum of $500,* the said defend-

ants," etc., be enjoined and restrained. The order, of course, was ineffectual for any purpose unless and until such bond was given. It is claimed that there was no showing that any bond was ever given. Even if we assume that in the contempt proceeding the superior court could not take judicial notice of the records and files in the action in which the restraining order was made, we are of the opinion that the affidavit constituting the foundation for the contempt proceeding, while not as specific and definite as it might well have been, sufficiently alleged an effective and valid restraining order for all the purposes of the proceeding. The effectiveness of the order as one *actually* enjoining and restraining is sufficiently alleged to support the finding that "the court made an order . . . restraining," etc.

No other point made by counsel requires notice on this application for a writ of *certiorari*.

The application is denied.