[Civ. No. 1703.   Third Appellate District.—November 13, 1917.]

JOHN L. CAMM, Appellant, v. JUSTICE'S COURT, etc., et al., Respondents.

CERTIORARI—OFFICE OF WRIT.—The sole office of the writ of *certiorari* is to test and determine the question of jurisdiction.

ID.—JUSTICES' COURTS—ERRORS IN EXERCISE OF JURISDICTION—REMEDY BY APPEAL.—When a justice's court or police court has jurisdiction of the subject matter of an action instituted therein and has regularly acquired jurisdiction of the person, the mode for correction of any errors is by appeal, as provided by section 974 of the Code of Civil Procedure, and not by *certiorari*.

ID.—REVIEW OF JUDGMENT—RECORD.—In a proceeding in *certiorari* to review a judgment of a justice's court, the court must confine itself to the inspection of the record brought up for review.

ID.—JUDGMENT BY DEFAULT AGAINST CLUB — SUBSEQUENT DISMISSAL OF ACTION AGAINST MEMBERS—JURISDICTION.—In an action against a club and its individual members, the court acted within its jurisdiction in rendering judgment by default as to the club, while demurrers interposed by individual members to the complaint were pending, and thereafter ordering a dismissal of the action against the individual members when the time within which an appeal might have been taken by the club had expired.

ACTION AGAINST CLUB—GOODS SOLD—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action against a club for goods sold and delivered, allegations that the club was an association doing business and that it had contracted an indebtedness with the plaintiff for such goods is sufficient to authorize the maintenance of the action, without any showing of the specific purposes of the club, or whether it was organized for profit.

APPEAL from a judgment of the Superior Court of Sonoma County. Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

W. H. Early, and A. H. Crook, for Appellant.

E. J. Dole, for Respondents.

HART, J.—Plaintiff filed, in the superior court of Sonoma County, a third amended petition asking for a review of the proceedings of the defendant, the justice's court, in an action in said justice's court, commenced on the seventh day of April, 1915, in which H. S. Smith, one of the defendants herein, was plaintiff and the Sonoma County Good Roads Club and some thirty individuals, including this plaintiff, were defendants. A demurrer to said petition was sustained, without leave to amend, and judgment was entered dismissing the action. From this judgment plaintiff appeals.

It appears from the petition that, on April 13, 1915, a summons was issued in said action of *Smith* v. *Sonoma County Good Roads Club et al.*, and was served on each of said individual defendants by delivering to each of them a copy of said summons attached to a copy of the complaint; that, on the fourteenth day of April, 1915, each of said individual

defendants filed a demurrer to said complaint; that, while said demurrers were pending and undisposed of, a judgment by default was entered in said justice's court against the Sonoma County Good Roads Club, an association, in the sum of $264.25; that, on "the twenty-sixth day of July, 1915, and after the time in which an appeal might have been taken from said judgment by default, and while the said demurrer of each of said individual defendants was pending and undisposed of," said cause of action against the individual defendants was dismissed; that, on the thirteenth day of August, 1915, an execution was issued out of said justice's court directing the sheriff to levy upon the property of said Sonoma County Good Roads Club; that said execution was returned unsatisfied, and, on August 14th, an execution was issued against the individual property of this plaintiff.

It is then alleged in the petition that, on the 16th of August, 1915, upon being advised of the issuance of said execution against his individual property, plaintiff instituted a suit in equity in the superior court, praying that said H. S. Smith and the sheriff be enjoined from levying said execution upon his individual property; that said superior court denied the prayer of plaintiff in said equity suit; that it was because plaintiff believed that his proper remedy was by suit in equity for an injunction that he did not immediately, on the sixteenth day of August, 1915, institute this action; "that at no time between the 21st of April, 1915, when said judgment by default was entered, and the twenty-sixth day of July, 1915, when said individual defendants were dismissed, did plaintiff believe, or have any reason to believe, or know that said defendant H. S. Smith claimed, or pretended to claim that said default judgment was binding upon plaintiff and his property"; and that he believed he was absolved *in toto* from any judgment obtained in said action.

The petition then alleges: "That said plaintiff was during the times mentioned in said complaint, and is now, a member of said Sonoma County Good Roads Club, an association; that said association was not at any of the time mentioned in said complaint, or at any other time, and is not now an association composed of two or more persons associated in any business under a common name; that, on the contrary, said Sonoma County Good Roads Club was and is a nontrading, unincorporated association composed of voluntary members

of the public generally and was at all times mentioned in said complaint engaged in instilling, promoting, furthering, and advancing the interests of the public of the state of California, in repairing, maintaining, and improving the streets, roads, highways, and byways of and in the county of Sonoma." It is also alleged that plaintiff moved, in said justice's court, to set aside and recall said execution, which said motion was denied.

Attached to the petition is a copy of the complaint of H. S. Smith, filed in the justice's court, against said club and this plaintiff and others as defendants. The allegations of said complaint are: That, within four years last past, the Sonoma County Good Roads Club became indebted to plaintiff, upon an open book account, in the sum of $264.25, for goods, wares, and merchandise sold and delivered; "that the defendant the Sonoma County Good Roads Club is an association doing business at the city of Santa Rosa . . . ; that the defendants above named other than the said Sonoma County Good Roads Club are each and all officers of said club or members of said club and were members of said club at the time that said goods, wares, and merchandise were sold and delivered to said club and said debt incurred."

It is elementary that the sole office of the writ of *certiorari* is to test and determine a question of jurisdiction, and our code so declares. (Code Civ. Proc., sec. 1068.) That section provides: "A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

From a judgment rendered in a civil action in a justice's or a police court an appeal may be taken to the superior court (Code Civ. Proc., sec. 974), and thus a plain, speedy, and adequate remedy is afforded for the correction of errors occurring at the trial of such actions in said courts or for erroneous judgments rendered in actions triable and tried therein. When, therefore, such courts have under the law jurisdiction of the subject matter of an action instituted therein and have regularly acquired jurisdiction of the person of the party proceeded against in such action, the mode for the correction of any errors which may have been made

in the course of the trial of the action or for the correction of erroneous judgments rendered by such courts is by appeal and not through the instrumentality of a proceeding on *certiorari* or by means of any other jurisdictional writ.

If, then, the respondent, justice's court, has under the law jurisdiction of the subject matter of the action complained of here and legally acquired jurisdiction of the alleged association, "Sonoma County Good Roads Club," it will follow that the writ petitioned for herein will not lie to correct any errors characterizing the said trial of the action in the justice's court or the judgment rendered in said action by the justice.

The amount sued for in the said action was the sum of $264.25, and, concededly, therefore, a justice's court has jurisdiction of such an action. (Code Civ. Proc., sec. 112, subd. 1.) The single question, then, remains: Did the respondent, court, acquire jurisdiction of the said alleged association? Against the contention that the said court did so obtain jurisdiction, several points are urged.

First, it is proper to state that the theory upon which the plaintiff in the action in the justice's court proceeded against the "Good Roads Club" was that it was an "association" within the meaning or contemplation of section 388 of the Code of Civil Procedure. Said section reads as follows: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability."

The point first presented and discussed in their brief by counsel for the appellant is that the "Sonoma County Good Roads Club" is not an association within the meaning or contemplation of the above section, and, as supporting this proposition, counsel declare in their opening brief that said club, "as is disclosed by the record herein, is a nontrading, unincorporated association composed of voluntary members of the public generally, engaged in instilling, promoting,

furthering, and advancing the interests of the public in the improvement and maintenance of the streets, roads, highways, and byways of the county of Sonoma, and never was an association composed of two or more persons associated in any business under a common name." But, even if it were true, as the argument of counsel seems to assume, that associates in a "nontrading, unincorporated association" cannot in an action be proceeded against according to the provisions of section 388 of the Code of Civil Procedure, it is to be observed that the statement in the brief of appellant that it is such an association is not based upon anything appearing from the record in the action brought against the Good Roads Club, but is taken from the petition for the writ herein prayed for. Nowhere is it made to appear in the record, to the inspection of which this court must be confined in deciding the question submitted by this appeal, that the said club is "a nontrading, unincorporated association," etc. To the contrary, the complaint in the action in the justice's court alleged that it is "an association doing business," etc., from which we may justly infer that it is engaged in trade of some character. It is true that the judgment from which this appeal is prosecuted was rendered and entered against the appellant upon the motion to discharge the alternative writ and upon the demurrer to the petition for the writ, and it is also true that a demurrer necessarily admits all the material facts well pleaded; and perhaps it is upon the theory that a demurrer admits facts so pleaded that counsel for the appellant assume that the statement (above quoted) in the petition for the writ as to the character of the Good Roads Club is an admitted fact in the proceeding for the writ of review. But, if this be their position, it is wholly fallacious, and the proposition sought to be deduced therefrom consequently untenable. As above stated, and as is obviously true, the sole question to be determined in a proceeding of the character of the one before us is whether, in a given case, the tribunal, in the application therein of the judicial powers cast upon it by law, has exceeded its lawful jurisdiction, and in determining this question the court must confine itself to the inspection of the record brought up for review. In other words, no facts *dehors* or extrinsic to the record so brought up may be considered. (*In re Grove,* 61 Cal. 438, 453; *Ex parte Sternes,* 77 Cal. 156, 162, [11 Am. St. Rep. 251, 19

Pac. 275] ; *De Pedrorena* v. *Superior Court,* 80 Cal. 144, 146,
[22 Pac. 71].)   But we do not think it was necessary, to
authorize the maintenance of the action against the members
of the club by their common name, to show by the complaint
the specific purpose or purposes for which the members of the
club had so associated themselves together, nor is it important
whether it was a voluntary association and not organized and
conducted for pecuniary profit to its projectors or members.
(*Armstrong* v. *Superior Court,* 173 Cal. 341, 342, [159 Pac.
1176].)   By this we mean to say that section 388 has refer-
ence to an association of two or more persons who thus band
together for the purpose of transacting as a single body any
kind of business, whether for profit to themselves or for chari-
table or philanthropic purposes, and that, where persons so
associated, to effectuate the specific objects of their association
and for the benefit thereof, create liabilities against them-
selves as such associates, such persons, as such associates,
may be proceeded against by their common name in any
action to enforce the liabilities so created.

The complaint in the action in the justice's court alleged,
as we have seen, that said club is an association doing busi-
ness at the city of Santa Rosa, etc., and that it had contracted
an indebtedness with the plaintiff in the sum of $264.25 ''for
goods, wares, and merchandise sold and delivered to said
. . . Club.''   This constituted a showing sufficient to au-
thorize the maintenance of the action against the club, or,
perhaps it is more accurate to say, against the members of the
club as associates ·in business under the common name of
said club or association.

Another point made by the appellant is that, ''assuming,
for the purposes of the argument only, the justice's court
did acquire and have jurisdiction over said association and
that process had .been served upon it, . . . the dismissal of
each and all of the individual defendants served with process
constituted and was a dismissal of the case *in toto,* and by
reason thereof the judgment complained of became a nullity,''
the justice's court having by said act of dismissal ''lost juris-
diction of said cause and of each and all of the defendants.''
This point is obviously without merit.

It will not be disputed—indeed, counsel for the appellant
expressly so admit in their brief—that the association herein
concerned, as much so as a partnership, was and is, as re-

gards its rights and obligations, a distinct legal entity. It was, therefore, proper for the plaintiff to proceed either against the association alone or against both the association and its members as individuals, and this would be the proper course if the members had bound themselves as individuals as well as associates in the association to the liability sought to be enforced. And where an action as against the members as individuals proved to be, in point of fact, groundless, the dismissal of the action as to them would involve an act no different from that in any other action in which several persons might be joined as defendants and the action dismissed as to one or more of the parties so joined. It is no uncommon practice or occurrence to join in an action at law the members of a partnership as individuals with the partnership itself, and as well might it be said that the dismissal of the action as against the members of the partnership as individuals would operate, *per se*, as a dismissal of the action against the partnership as such. No one would attempt to support such a proposition. (See *Redwood City Salt Co.* v. *Whitney*, 153 Cal. 421, 423, [95 Pac. 885]; *Asbestos Mfg. etc. Co.* v. *Lennig-Rapple Eng. Co.*, 26 Cal. App. 177, [146 Pac. 188]; Code Civ. Proc., sec. 578.)

It is next contended that the Good Roads Club was not served with summons. But the petition for the writ itself declares that the appellant was served with summons, and the complaint in the justice's court alleges that the appellant was one of the members of said club—an associate in said association. Under section 388 this constituted a service on the association or club.

There is considerable criticism in the briefs of the action of the justice's court in entering judgment by default against the Good Roads Club while the demurrers to the complaint interposed by the individual members of the club who were proceeded against as defendants were still pending and undisposed of and thereafter, when the time within which an appeal might have been taken from the judgment so entered against the club, ordering a dismissal of the action as against the individual members named as such as defendants. There is nothing in the action so complained of which affects the question of jurisdiction. It was clearly within the jurisdiction of the justice's court to adopt the course complained of. Why the association, whose members it may well be pre-

sumed knew of the entering of the judgment against it by default, did not appeal from said judgment when the opportunity was still open to it to do so—whether from willful neglect or inadvertence—we do not, of course, know; but it is about as plain and unquestionable a proposition as could be met with that the justice's court was acting within its jurisdiction when it rendered the judgment by default against the association. If the court for any reason committed error in doing so or the judgment for any reason was erroneous, the remedy provided for the correction of such error or such erroneous judgment is in an appeal to the superior court. An erroneous judgment rendered by a court having jurisdiction to render it cannot, merely because it is erroneous, operate as the basis for a writ of review. (*Karry* v. *Superior Court*, 162 Cal. 281, 284, [122 Pac. 475, 128 Pac. 760].)

By the terms of section 388, execution may be issued against the individual property of the member or members of the association sued who have been served with process for the satisfaction of any judgment rendered against the association. The petition for the writ states that, on the thirteenth day of April, 1915, a summons was issued in said action and with a copy of the complaint was served upon each of the individual defendants on the fourteenth day of April, 1915. Thus it is admitted that the appellant, who was one of the "individual defendants," was served with process. His individual property was, therefore, subject to an execution to satisfy the judgment rendered against the association.

Some other specific questions are discussed in the briefs, but, having considered herein the more important points presented, we deem it unnecessary to notice others herein. We are satisfied, after examining all the points and the very able arguments advanced in support thereof, that the justice's court was well within its jurisdiction in dismissing the action against the members of the association as individuals, in rendering judgment by default against the association, and in issuing execution in said action to satisfy the judgment so rendered against the individual property of the appellant.

The judgment appealed from is accordingly affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1918, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a hearing in this court after decision of the district court of appeal of the third appellate district, we deem it proper to say that we do not consider what is said in the opinion on the question of the liability of the appellant's individual property to an execution to satisfy the judgment rendered against the association to be at all essential to the affirmance of the judgment appealed from.

Our denial of the petition for a hearing is not to be taken as an approval of what is said by the district court of appeal on this question. On the merits of that question we express no opinion.

The application for a hearing in this court is denied.