[Civ. No. 6179. Second Appellate District, Division Two.—March 2, 1929.]

SIGFRED W. SWANSON et al., Respondents, v. CITY OF ORANGE (a Municipal Corporation) et al., Appellants.

H. L. Dearing, City Attorney, and Drumm & Tucker for Appellants.

Scarborough, Forgy & Reinhaus for Respondents.

STEPHENS, J., *pro tem.*—Proceedings under the Annexation Act of 1913 (Stats. 1913, p. 587) and amendments thereto for the annexation of certain territory to the City of Orange, a city of the sixth class in the county of Orange, were had up to the point where the city council of said city had passed a resolution calling an election in the territory proposed to be annexed. A petition was filed in the superior court and upon it (the petition is not before us) a writ of review of the above referred to proceedings was issued, without notice to the defendants or either of them. The writ contained the following passages: "Whereas, it has appeared to us by the verified petition of the above-named plaintiffs that lately, to-wit, on the 30th day of April, 1923, before you, or a majority of you, composing at the time the City Council of the City of Orange, such proceedings have been had that you, or a majority of you, have irregularly and without authority or jurisdiction in the premises, called an election for the purpose of determining whether certain territory should be annexed to the City of Orange in accordance with the provisions of the Annexation Act of 1913, and amendments thereto; that said territory is not inhabited territory but includes both inhabited and uninhabited territory; and whereas, it is alleged by said plaintiffs that your proceedings therein have been irregular, without authority and in violation of the statutes in such cases made and provided . . . "

The defendants, with counsel, appeared upon the day fixed in the writ and moved to quash upon the ground that the allegations contained in the petition were insufficient to support the writ. The motion was overruled and the defendants immediately filed their return, which showed that the several steps required by the Annexation Act of 1913 had been followed; that is, the outside territory had petitioned to be annexed, the petition had been checked and found sufficient by the city clerk and so reported to the city board, and the board had called an election in the outside territory. Petitioners for the writ thereupon offered in evidence a map showing the boundaries of the territory proposed to be annexed. The map also had delineated upon its face lines showing several holdings, with names of the purported owners, and small drawings indicating improvements. To this offer defendants objected upon the grounds that the map was irrelevant, incompetent, and immaterial; that by it petitioners were seeking to introduce testimony outside of the record, and that the review was confined to the return. The objection was sustained, but through stipulation the map was later allowed to go in for the limited purpose of showing the outline boundaries of the territory proposed to be annexed, drawn to scale, and to show such territory's geographical relation to the City of Orange. Respondents' brief herein greatly enlarges this stipulation, without warrant, however, from the transcript. The petitioners also offered, and the court received over the objections of defendants, oral testimony which will be more particularly referred to hereinafter.

Judgment was entered annulling the resolution calling the election, for the reason that the city council ''did act in excess of its jurisdiction and power,'' and the defendants appeal to this court.

''A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal, board, or officers, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy.'' (Sec. 1068, Code Civ. Proc.)

A review of the appellate court opinions of this state will reveal a growing liberality in the consideration of the use of

this writ, but will also reveal a close adherence to the basic principles · thereof. There are no deviations from the following pronouncement in *Borchard* v. *Supervisors,* 144 Cal. 10, 14 [77 Pac. 708] : "It is too well settled to require the citation of authorities that the writ of review runs to inferior tribunals, boards, or officers exercising judicial functions solely to correct errors in excess of jurisdiction, or in other words, to confine such tribunals and officers, exercising judicial functions, to their proper jurisdiction. It may not be used to correct errors or irregularities within the jurisdiction of the inferior tribunal, nor will it ever lie to review a purely legislative or executive act." So, too, it may be said that the opinions adhere to the doctrine expressed so well in *Los Angeles* v. *Young,* 118 Cal. 295 [62 Am. St. Rep. 234, 50 Pac. 534] : "But it may be set down as a universal rule that, as the province of the writ of *certiorari* is to review a record of an inferior court, board or tribunal, and to determine from the record whether such court, board or tribunal has exceeded its jurisdiction, evidence *dehors* the record and contradicting it is never permitted. . . . If the jurisdiction of the inferior tribunal depended upon a question of fact, that fact was never tried *de novo* upon its merits, but the inquiry thereupon was limited strictly to the evidence upon which the inferior tribunal acted." (*Imperial Water Co.* v. *Supervisors,* 162 Cal. 14, 25 [120 Pac. 780]; *Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916]; *Corrigan* v. *Superior Court,* 72 Cal. App. 383 [236 Pac. 364]; *Camm* v. *Justice's Court,* 35 Cal. App. 293 [170 Pac. 409].)

Evidence supplemental to the record has been received, as in the case of *Los Angeles* v. *Young, supra,* wherein the reviewing court permitted the server of a demurrer to testify that the initials "H.H.Y." stood for himself, whose name was H. H. Yonkin, and to further testify that he served the demurrer on a person in W. E. Dunn's office who accepted it and indorsed Dunn's name upon it. The supreme court, upon appeal from the reviewing court, said that this "was not, perhaps, improper," as it was in the nature of facts upon which the trial court acted. The reviewing court had also received the testimony of Dunn which was offered to and did tend to contradict the truth of the return, and upon this evidence the supreme court re-

versed the case. (*Coombs* v. *Industrial Acc. Com.*, 76 Cal. App. 565 [245 Pac. 445].)

■ There are three distinct and independent acts prescribing the procedure for the annexation of territory to an existing city. They are, the act of 1889 (Stats. 1889, p. 358), the act of 1899 (Stats. 1899, p. 37), and the act of 1913 (Stats. 1913, p. 587). The act of 1899 relates to the annexation of uninhabited territory, whereas the act of 1913, with which we are concerned in the instant case, relates to inhabited territory. It is obvious that before the city council could proceed in the matter now under consideration it was under the necessity of determining whether or not the territory proposed to be annexed was inhabited or not inhabited. It is also obvious that it must determine whether such territory included both sorts. It is the trend of the decisions that this duty is judicial in nature. (*Capuchino Land Co.* v. *Trustees*, 34 Cal. App. 239 [167 Pac. 178]; *Miller & Lux* v. *Supervisors*, 189 Cal. 254 [208 Pac. 304]; *Imperial Water Co.* v. *Supervisors*, 162 Cal. 14 [120 Pac. 780]; *Cook* v. *Civil Service Com.*, 160 Cal. 589 [117 Pac. 663].) It follows, therefore, that before the city council could take any action it must have some evidence before it upon which to base a decision. The case of *Stumpf* v. *Board of Supervisors*, 131 Cal. 364 [82 Am. St. Rep. 350, 63 Pac. 663], holds such evidence must conform to the rules of evidence in court, but this course has not been followed and is expressly overruled in *Miller & Lux* v. *Board of Supervisors, supra.*

■ It is now important to examine the evidence received in the instant case over the objection of the defendants. If such examination reveals it to be but supplementary to the return, as respondents contend, no error has been committed. If, on the other hand, it proves to be "evidence *dehors* the record," it has no place herein and can be of no use in this proceeding.

The introduction of the map, as per stipulation, furnished a convenient outline drawing of the territory proposed to be annexed. A witness testified, over the objection of the defendants that the territory consisted of approximately sixty-five acres. This testimony added nothing, for the reason that the map, as it went in, was made up from information contained in the petition to annex

and the acreage was computed from the same data. But the same cannot be said as to the other evidence introduced and received. Such evidence located the several parcels of land within the territory and designated the number and the names of the persons living thereon; it referred to the improvements and their location within such territory; it described roads and the length of time and by whom they had been used. The map was used and referred to contrary to the stipulation and to the earlier ruling of the court. All of this testimony was outside of and independent of the return. There is no claim that it is evidence upon which the city council acted. Even if it were so claimed, such evidence would have to reach the reviewing court through the return. A supplementary return may be made under the sound discretion of the court. The introduction and reception of this testimony was erroneous and could not legally have been considered in this proceeding. For our consideration of this appeal we must sustain or reverse the judgment as though none of this testimony had ever been in the case.

It is now incumbent for us to consider whether or not the city council had any evidence before it upon which to base its decisions upon these judicial or *quasi*-judicial questions, for it has been held that jurisdiction has not been acquired without some evidence. (*Miller & Lux* v. *Supervisors, supra,* and *Garvin* v. *Chambers;* 195 Cal. 212 [232 Pac. 696].)

We find, however, that the return to the writ includes the city clerk's certificate, the effective part thereof being as follows: "That I have carefully examined the petition for annexation to the city of Orange of certain West Orange territory, signed by Wm. H. McMurphy and twelve other petitioners, and filed in my office on this day, and have checked said names with the official registration of voters of Orange County, and have determined therefrom the total number of qualified electors within the district described in said petition, and find that said petitioners are all qualified electors residing within said district, and that they constitute more than one-fourth in number of the qualified electors residing within said district." The cases of *People* v. *Town of Ontario,* 148 Cal. 625 [84 Pac. 205], and *Wolfskill* v. *City Council of Los Angeles,* 178 Cal. 610

[174 Pac. 45], hold squarely that such a certificate is proper and sufficient evidence upon which a city council may base its jurisdiction to call the annexation election. It having been shown that the city council had acquired jurisdiction through the evidence of the clerk's certificate, the reviewing court could go no further unless palpable fraud shone from the face of the proceedings, as in *People* v. *City of Monterey Park,* 40 Cal. App. 715 [181 Pac. 825]. For further authorities as to the sufficiency of such certificate see *Camm* v. *Justice's Court,* 35 Cal. App. 293 [170 Pac. 409], *Chambers* v. *Board of Supervisors,* 57 Cal. App. 401 [207 Pac. 288], and *Fleming* v. *Superior Court,* 196 Cal. 344, 354 [238 Pac. 88].

 Respondents cite the cases of *Capuchino Land Co.* v. *Trustees,* 34 Cal. App. 239 [167 Pac. 178], and *People* v. *City of Lemoore,* 37 Cal. App. 79 [174 Pac. 93], as authority for holding here that the territory proposed to be annexed consists of both inhabited and uninhabited territory. In the Capuchino case the petition sought the review and annullment of annexation proceedings on the ground that the territory consisted of two kinds, one kind being habitable and inhabited and lying on one side of a railway, the other being uninhabitable and uninhabited and lying on the other side of the railway and next to a salt bay. The uninhabited parcel was almost as great in area as the city to which annexation was sought. The reviewing court annulled the proceedings and the appellate court sustained the judgment, remarking that the return showed the above delineated facts upon its face. The case of *People* v. *City of Lemoore* was in *quo warranto,* and no return or answer was ever made to the complaint, as the case reached the appellate court after the defendants had declined to answer after general demurrer overruled. This case has no bearing upon the points to be decided in the instant case, unless, under the rules laid down in it, the evidence introduced herein shall be considered as to its probative value. As to this we think a careful reading of the cited case, construed in the light of the supreme court's comment upon denying a hearing before that court, would be authority for the conclusion that the evidence in the instant case does not support the finding of the reviewing court.

Very much the same situation as in the instant case, considering the objectionable evidence, was presented to the supreme court in *People* v. *Town of Ontario, supra*. The court in that case, through opinion written by Mr. Justice Angellotti, says that there is probably no annexation or original incorporation wherein there are no vacant parcels of land, but that this does not change the nature of the territory so that the act providing for the annexation of uninhabited territory should be used for the uninhabited parcels, and the act providing for the annexation of inhabited territory should be used for the inhabited territory. Of course, where the property is different in kind and situation, as in the Capuchino case, the rule would change with the reason therefor. In the instant case a small tract of about sixty-five acres contiguous to the City of Orange, and upon which at least thirteen voters resided, was petitioning for annexation. It cannot be said that the city council was without sufficient evidence from which to determine that the territory was inhabited.

The return to the writ shows the proceedings to be regular and legal in every respect, and that the city council did not exceed its jurisdiction in calling the election nor did any of the members of the city council.

The judgment is reversed and the writ discharged.

Works, P. J., and Craig, J., concurred.