[Civ. No. 6294.   Fourth Dist.   Nov. 29, 1961.]

LOUIS J. REES et al., Plaintiffs and Appellants, v.
A. G. GARDNER, Defendant and Respondent.

Lewis Garrett and Lionel Richman for Plaintiffs and
Appellants.

No appearance for Defendant and Respondent.

GRIFFIN, P. J.—Plaintiffs, cross-defendants and appel-
lants Louis J. Rees, individually and as a member and repre-
sentative of Culinary Workers and Bartenders Union, Local
535, AFL-CIO, Ida Smith and Ada Dalton, individually
and as members of said union, brought this action on March
2, 1959, seeking an injunction and damages against A. G.
Gardner, as owner and operator of a business known as
"Burger-Haven" which sold food and beverages to the
public in Barstow. Defendant employed from 10 to 12 em-
ployees. Plaintiff Ida Smith had been a cook for Burger-
Haven since 1953. During the last one and one-half years
she worked for defendant. Ada Dalton began to work for
defendant on July 27, 1958. On December 29, 1958, they
joined the plaintiff union. On the same day, a representative
of the union visited defendant's place of business. Defendant
was out. The representative told the manager to negotiate
a labor contract with the union because several of his em-
ployees were members. The representative was asked to re-
turn when defendant owner was present. On January 5, dis-

cussion was had with the owner and he asked how many of his employees were members of the union. The representative told him two and gave the names indicated. The defendant sought additional time to consider the matter. Four days later, Ada and Ida, the two union members, were called to defendant's office. He expressed regret because he would have to let them go because he would have to sign a labor contract if they continued to work for him. He kissed them and they left. They applied for unemployment insurance. Immediately plaintiff union commenced picketing defendant's premises and plaintiffs filed this action. They applied for a preliminary injunction requiring reinstatement of the two union members. Defendant cross-complained, alleging violent picketing and that its purpose was obnoxious to Labor Code, section 923. He applied for an injunction against picketing.

After hearing the two applications, the court granted plaintiffs' motion and signed a preliminary injunction requiring the reinstatement of the two women. It also granted defendant relief by restricting the number and location of pickets. No appeal was taken from these orders. Bonds were fixed at $1,000 and posted.

On May 1, 1959, defendant's counsel agreed that defendant would reinstate the women into their former positions and that it would be expected the pickets would be removed. Negotiations continued in reference to signing a contract with the union. Defendant refused to sign as long as the union less than a majority of his employees. On May 4, 1959, counsel for defendant notified plaintiffs' counsel that the two women had been reinstated and that he wanted the pickets removed. The pickets were not removed. Defendant then moved the court for a preliminary injunction against all picketing under the holding in *Garmon* v. *San Diego Bldg. Trades Council,* 49 Cal.2d 595 [320 P.2d 473], on the theory that it became unlawful for a union to picket for any purpose unless it represented a majority of the employees. About that time, *Chavez* v. *Sargent,* 52 Cal.2d 162 [339 P.2d 801], was decided and the court, by minute order, granted the preliminary injunction. It should be here noted that this order was signed before the subsequent decision in *Petri Cleaners, Inc.* v. *Automotive Employees etc., Local No. 88,* 53 Cal.2d 455 [349 P.2d 76], overruling the *Garmon* case and disapproving the *Chavez* case. The order was signed on June 11, 1959. Plaintiffs appealed from this order. A bond of $3,000 was required. The amount was later changed to $2,000. On July 8,

1959, a bond was posted in the sum of $1,000. Later, plaintiffs moved to vacate the preliminary injunction on the ground that the bond had been tardily posted and was insufficient in amount. The motion was denied and plaintiffs also appealed from this order of July 17. On September 28, 1960, defendant moved to dismiss the appeal on the ground that all problems involved therein were moot because defendant had sold his business and therefore no longer had an employer's relationship with the individuals involved or the union representing them. He asked that this court order that neither party recover costs. The motion was considered and denied by this court. The defendant and respondent herein, after notice, failed to file a respondent's brief.

On this appeal, plaintiffs claim that the trial court, in the first instance, had no jurisdiction to enjoin picketing because the union did not represent a majority of the employees; that the demand for a contract covering union members was lawful; that the court had no jurisdiction to modify the minute order of June 8 and sign the injunctive order of June 11; that the court had no jurisdiction to grant defendant additional time to post the bond and that the bond posted was insufficient.

■■■ Defendant does not account for the fact that in response to the order fixing a bond at $2,000 on the issuance of the preliminary injunction, even if regular, only a bond of $1,000 was posted. From appellants' opening brief, this appears to be true. When respondent fails to reply to appellants' original brief, this court is authorized to accept as true the statement of facts in appellants' opening brief. (Rule 17 (b), Rules on Appeal.) Under the facts stated, the bond was deficient and the motion to vacate or dissolve the restraining order should have, at least, been granted on this ground. (*Armstrong* v. *Superior Court*, 173 Cal. 341 [159 P. 1176] ; *Heyman & Co.* v. *Landers*, 12 Cal. 107 ; *Byam* v. *Cashman*, 78 Cal. 525 [21 P. 113] ; 27 Cal.Jur.2d § 73, p. 196.)

It therefore appears that since the motion to set aside or dissolve the restraining order should have been granted, the restraining order was, accordingly, ineffective, for the failure of defendant to comply with its terms as to the bond required. Since the orders must be reversed on this ground, it becomes unnecessary to consider other points raised.

Orders reversed.

Shepard, J., and Coughlin, J., concurred.