HERNDON, J.
I dissent.
I readily agree, of course, that reasonable minds may differ with respect to the correct answer to the interesting and very important problem presented by this appeal. Nor do I hesitate to concede the persuasiveness of the arguments made in the opinion of my associates. However, my studies have led me to concur generally in a different view which is well expressed by the Attorney General in his opinion filed December 19, 1960, being Opinion No. 60-166, reported in volume 36 Opinions of the Attorney General of California at page 287, and discussed in the majority opinion herein. This reference to said opinion seems to me to be sufficient, so that I shall not lengthen this dissent with any extensive quotations therefrom.
The basic conclusion of my colleagues, if I understand it correctly, is that “the only contiguity” required by section 35002.5 of the Government Code is that “the immediate nexus” (of the territory being annexed) must not be a ‘‘ strip of land over 300 feet long and less than 200 feet wide, such width to be exclusive of highways.”
*508 I do not have the slightest quarrel with any of the authorities stating the general rules of statutory construction which are cited and quoted at length in the majority opinion. However, I believe that the majority has defined the word “contiguity” as used in 35002.5 too narrowly, particularly in the light of section 35104 which reads as follows: “To qualify for annexation, new territory shall be contiguous to: (a) The city, or (b) Contiguous territory where the electors have voted for annexation to the city.”
To me it is most interesting to observe that section 35104 was added to the Annexation Act of 1913 (see section 35100) in 1949, and after the filing on March 18, 1949, of the decision in City of Burlingame v. City of San Mateo, 90 Cal.App.2d 705 [203 P.2d 807] hereinafter discussed. Section 35002.5, of course, was added to the code in 1951.
It seems undeniable that in the instant ease the annexation of the parcels of land lying to the east of the narrow strip (which admittedly fails to meet the requirements of section 35002.5) could be authorized only by the provisions of subdivision (b) of section 35104. However, their only contiguity is to the disqualified strip. It seems more than reasonable to conclude that the word “only” was inserted in 35002.5 to avoid uncertainty in the ease of an annexation of territory contiguous both to a proscribed strip and to a city boundary of sufficient length. If the Legislature had intended the word “only” to apply merely to the first link in a chain of parcels, it would not have used the adjective to qualify “contiguity”, but would have inserted the adverb “only” after “based”, so that the statute would have read: “. . . if the contiguity is based only on a strip of land, etc. ...”
As I construe the statute, the only way in which a series of many parcels can be contiguous to the city is that they be so located as to form a continuous, connected area joined like links in a chain. Section 35002.5, as I construe it, requires that each of the “links” in the chain shall be of a minimum size and if one falls below the prescribed minimum, the territory beyond is not contiguous, and the annexation is invalid for lack of contiguity.
Such an interpretation of the statute conforms with all applicable rules of statutory construction as well as with what appears to me to have been the clear intent of the Legislature. Laws are made for the practical governance of men and that construction of a statute which appears to be reasonable is *509 preferred. Provisions of a statute should receive a practical, rather than a technical, construction; one leading to a wise policy rather than to mischief or absurdity. (City of El Monte v. City of Industry, 188 Cal.App.2d 774, 782 [10 Cal.Rptr. 802], and cases cited therein.)
I thoroughly agree with the Attorney General that the obvious purpose of the Legislature in 1951, when it enacted section 35002.5 was to place restrictions on strip annexations, and to prohibit extremes of “strip,” “pipe stem,” “balloon” and “gerrymandering” types of annexation illustrated by such cases as City of Burlingame v. County of San Mateo, supra, 90 Cal.App.2d 705, and People v. City of Los Angeles, 154 Cal. 220 [97 P. 311]; People v. Town of Corte Madera (1952) 115 Cal.App.2d 32, 47 [251 P.2d 988]; Rafferty v. City of Covina, 133 Cal.App.2d 745, 752 [285 P.2d 94], and see City of Morgan Hill v. City of San Jose, 192 Cal.App.2d 383, 386-387 [13 Cal.Rptr. 441].) To accept the interpretation of section 35002.5 adopted by the majority opinion herein would completely destroy the effectiveness of this remedial legislation.
The opinion of the Attorney General, supra, at page 290, contains a diagram plainly illustrating the absurd forms of annexation which the majority construction of the statute would authorize. Much more striking illustrations of obviously objectionable annexations may easily be envisaged.
Finally, I must emphatically disagree with the statement of the majority that “. . . the instant case is governed by Rafferty v. City of Covina, 133 Cal.App.2d 745, ...” The problem presented in Rafferty was completely different from that here involved; there is no similarity whatsoever. There the city had annexed a narrow strip of territory over 300 feet long and less than 200 feet wide by the terms of an ordinance which had been passed on September 17, 1951. Section 35002.5 went into effect on September 22, 1951. Subsequently, the city annexed additional territory which was coterminous for over 2,000 feet with the narrow strip first annexed.
The court held that the first annexation was entirely valid, since only the ministerial act of filing the annexing ordinance with the Secretary of State remained to be done on the effective date of section 35002.5. The court then proceeded to hold that the requirement of “contiguity” was satisfied as to the second annexation, involving territory which undeniably *510 qualified under section 35002.5. Much of the language from Bafferty quoted in the majority opinion must be considered dicta.
For the reasons stated herein, as elaborated in the cited opinion of the Attorney General, I would reverse the judgment.
Appellant’s petition for a hearing by the Supreme Court was denied September 5, 1962.