[No. 20479.  In Bank.—June 18, 1889.]

AMELIA HOFFMANN, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

WRIT OF REVIEW—AFFIDAVITS IMPEACHING RECORD.—Upon an application to this court for a writ of review, the record sought to be reviewed imports absolute verity, and affidavits cannot be received to contradict, add to, or amend that record in this court.   If the minutes of the court below do not correctly show the proceedings had, an application should be made in that court to correct the same.

APPLICATION to the Supreme Court for a writ of review. The facts are stated in the opinion of the court.

*N. S. Wirt*, and *J. B. Southard*, for Petitioner.

PATERSON, J.—The petitioner was convicted of a misdemeanor in the police judge's court of the city and county of San Francisco, and appealed to the superior court.   The record shows that on March 10th the judgment appealed from was affirmed by the superior court, and that on March 15th, for good cause shown, the *remittitur* which had been issued in the case was recalled,

and by stipulation in open court on the part of the people by the district attorney, and on the part of defendant by her attorney, B. F. Napthaly, Esq., the cause was again submitted to the court for decision upon the statement on appeal, both parties expressly waiving a jury trial, and consenting that the cause might be tried by the court; that on the same day the defendant was tried by the court and found guilty as charged; that a motion for a new trial was made on various grounds, among others, because the trial was had in the absence of defendant and of counsel employed by her; that on June 9th a motion for a new trial was denied, and on June 11th the court sentenced petitioner to pay a fine of $250, with the usual statutory alternative.

The petitioner bases her application for a writ of review upon an affidavit in which she claims that the superior court granted a new trial on the seventh day of March, and that on the following day her counsel demanded a jury trial, which was refused; that on the tenth day of March, at the opening of court, her counsel appeared and again demanded a jury; that the court again refused the demand for a jury, and against the objection and exception of counsel, immediately vacated and annulled the order granting a new trial made on March 7th, and affirmed the judgment of the police court, without allowing petitioner an opportunity to produce her witnesses. She claims, therefore, that all orders subsequent to the order alleged to have been made on the 7th of March are void, and that she is entitled to a new trial,—a jury trial.

It is sufficient to say that the record sent to us and certified by the clerk shows an entirely different state of facts from that set forth in the affidavits. We cannot receive the affidavits to contradict, add to, or amend the record, for the latter imports absolute verity. If the minutes do not correctly show the proceedings had in the court below, an application should be made in that

court to correct the same. It appears from the record that the petitioner had the benefit of a new trial after the judgment was affirmed. She certainly cannot complain of this. It further appears that she was represented by counsel, who stipulated with the district attorney that the case might be tried by the court without a jury. Here, again, the record is conclusive. Whether Napthaly was her attorney, authorized to represent her in that case, is not open to inquiry here. Nevertheless, it appears that that question was raised on a motion for a new trial; and the order denying a new trial is, in effect, an adjudication that the record which recites that she appeared by her attorney is correct.

The application for a writ of review is denied.

THORNTON, J., WORKS, J., SHARPSTEIN, J., McFARLAND, J., and BEATTY, C. J., concurred.

Rehearing denied.