[No. 13181. In Bank. — August 5, 1889.]

NILLIE BURTON DE PEDRORENA ET AL., PETITIONERS, *v.* SUPERIOR COURT OF SAN DIEGO COUNTY, RESPONDENT.

ESTATE OF DECEDENT — DECREE OF DISTRIBUTION MAY BE VACATED ON A PROPER SHOWING. — A decree distributing the estate of a deceased person may be set aside by the lower court, at any time within six months after its entry, upon a proper showing of mistake, inadvertence, surprise, or fraud.

Id. — Review of Order Vacating Decree — Recital of Jurisdictional
Facts Conclusive on Certiorari. — A recital in the order vacating the
decree that all persons interested "were duly served with due notice"
of the motion to vacate is conclusive of that fact, in a proceeding to re-
view the order on *certiorari*.

Application for a writ of review to the Superior
Court of San Diego County. The facts are stated in the
opinion of the court.

*J. E. Deakin,* for Petitioner.

*Hunsaker, Britt & Lamme, Trippet & Neale,* and *Smith,
Howard & Smith,* for Respondent.

Paterson, J. — On the twenty-third day of June, 1888,
after due proceedings had, a decree of distribution was
made and entered in the superior court of San Diego
County in the matter of the estate of Maria A. E. de
Pedrorena, deceased. Within six months thereafter,
to wit, on December 20, 1888, the court, on motion of
certain interested parties, vacated and set aside said
decree of distribution.

The petitioner herein now asks for a writ of review,
claiming that the court exceeded its jurisdiction in mak-
ing the order vacating the decree of distribution.

We think that the court had the power at any time
within six months after the entry of the decree to set it
aside on a proper showing. (*Estate of Hudson,* 63 Cal.
454; Code Civ. Proc., sec. 1713.)

The applications were based on the grounds of mis-
take, inadvertence, and surprise, and fraud on the part
of this petitioner. The order of the court is made a part
of the petition herein, and it shows that affidavits of
merit were presented to the court, and that all parties
interested "were duly served with due notice of said
motion," and that no one appearing to contest said mo-
tions, or either of them, the court proceeded to hear the
same, and the respective petitions and affidavits in sup-
port thereof, and after due consideration, the court being

convinced that justice required that said motions should be granted, the decree was set aside.

Petitioner herein attempts to show that the notice was insufficient, but the most that can be said against its sufficiency is, that it was defective merely, and the order is not void on that account. The recitals in the order of facts essential to jurisdiction are conclusive in this proceeding. The record cannot be amended or attacked, but must be taken as we find it, at least as to all matters of fact adjudicated therein. It is not a proper function of the writ of review to add to or modify the record with respect to jurisdictional facts determined therein, but to test the question of jurisdiction on the facts appearing on the face thereof. (Freeman on Judgments, secs. 126, 619; *In re Grove Street*, 61 Cal. 453; *Ex parte Sternes*, 77 Cal. 156.)

Other points are made against the validity of the order, but conceding the facts alleged to be true, the remedy of petitioner, if any there be, is by motion in the court below to set aside the order.

Application denied.

SHARPSTEIN, J., MCFARLAND, J., and WORKS, J., concurred.

Rehearing denied.