[S. F. No. 10427. In Bank.—February 8, 1923.]

JACOB HALPERN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., et al., Respondents.

[1] CERTIORARI—PROVINCE OF—RECORD.—The province of *certiorari* is to review the record of an inferior court, board, or tribunal, and to determine from the record whether such court, board, or tribunal has exceeded its jurisdiction. The reviewing court is bound by the record, which must be taken as true. If the contrary is the fact, it must be corrected by motion or suggestion to the court below. If the court had jurisdiction, and the recitals in the judgment or order are sufficient to sustain it, those recitals are conclusive.

[2] COURTS—RECORDS—CORRECTION.—Courts have inherent power over their records, and may at all times correct mere clerical errors made by the clerk in entering an order in the minutes, so that it may truly state what was the order of the court, by setting forth all its terms; and any correction or amendment of the record is conclusively presumed to have been properly made, when such record is collaterally drawn in question, or is used as evidence, or relied upon in support of any other proceeding.

[3] ID.—APPEAL—POWER TO AMEND RECORD.—The right of a lower court to amend its record to conform to the truth is not suspended or impeded by an appeal, where the amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. The same rule should apply where the lower court has found that the record discloses that the entry on the minutes does not correctly give what was the order of the court.

[4] NEW TRIAL—AMENDMENT OF ORDER GRANTING—CERTIORARI.— Where the superior court made an order purporting to amend, *nunc pro tunc*, its previous order granting a new trial by adding to it the ground of insufficiency of the evidence to justify the verdict, the contention that the omission does not appear from the record, and that the amendment, in fact, amounted to the correction of a judicial error affecting the substantial rights of the appellant because it changed the effect of the order granting the new trial and was made after appellant had taken an appeal, cannot be maintained in a proceeding in *certiorari*.

[5] ID.—LACK OF NOTICE—JURISDICTION.—The contention by the petitioner that as he had no notice, by motion or otherwise, of the

---

3. Power of trial court to correct its record after an appeal or writ of error, note, 31 L. R. A. (N. S.) 207.

*ex parte* application, and of the action of the trial court in amending the order granting the new trial, such action of the court was in excess of jurisdiction, cannot be maintained in a proceeding in *certiorari,* but relief should have been applied for in the trial court and if denied an appeal taken.

PROCEEDING in Certiorari to review an order of the Superior Court of Alameda County amending an order granting a new trial. A. F. St. Sure, Judge. Writ discharged.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Petitioner.

Ford & Johnson for Respondents.

WASTE, J.—This is a proceeding in *certiorari* to review an order of the superior court of Alameda County, purporting to amend, *nunc pro tunc,* a previous order of the court granting a new trial in the action of Clarence Garns, by His Guardian *ad litem, versus* Jacob Halpern, who is the petitioner here. It appears from the return that the action was one for damages for personal injuries alleged to have been sustained by reason of the purported negligence of the defendant. Judgment was entered in favor of the minor and against the petitioner, whereupon the plaintiff, being apparently dissatisfied with the amount of the judgment, made a motion for a new trial, specifying as grounds of the motion, first, insufficiency of the evidence to justify the verdict, and, second, that said verdict was against law.

On the seventeenth day of February, 1922, the clerk of the court entered a minute order in the records thereof, which is as follows: ''It is ordered by the court that the motion for a new trial in the above entitled cause be and the same is hereby granted and the cause continued to February 24, 1922, at 10 o'clock A. M. of said day, to be reset.''

On March 2d following, the defendant took an appeal from this order. In his petition for the writ here he alleges that thereafter, and on August 14, 1922, and after the appeal was duly taken and perfected, and after the petitioner, as such appellant, had filed his opening brief, upon an *ex parte* application made by the plaintiff's attorneys in the cause, and in

190 Cal.—25

the absence of petitioner and any of his counsel, and without any notice to petitioner and his attorneys, or anyone representing him, the lower court made and entered an order purporting to modify the previous order granting the new trial. The amendatory order reads as follows:

"[Title of Court and Cause.]

"ORDER AMENDING ORDER GRANTING NEW TRIAL.

"It appearing to the court that plaintiff heretofore upon due notice therefor moved said court for a new trial of said cause, and that the court granted said motion upon the grounds stated in said notice, and that the record made by the clerk of said court does not correctly show the order which was in fact made by the court, and that said record discloses that the entry on the minutes does not correctly give what was the order of the court:

"It is hereby ordered, that the order granting said motion be and the same is hereby amended *nunc pro tunc* by adding to the order heretofore entered after the word 'granted,' the following, to wit:

"I.

" 'Insufficiency of the evidence to justify the verdict.'

"Dated this 14th day of August, 1922."

It is the contention of the petitioner here that the superior court exceeded its jurisdiction in making the amendatory order of August 14th. Briefly, the position of the petitioner is that the original order was not made inadvertently, or by mistake, nor did the order as entered contain any clerical misprision; further, that the order is an attempt to correct a judicial error, which may not be done in the manner followed by the court in this instance.

[1] Whether the contentions of the petitioner are right or wrong is not a question material to the consideration of this application. Neither are we now concerned with the question whether the lower court should have made the amendment to its previous order without notice thereof being given to the petitioner. The province of *certiorari* is to review the record of an inferior court, board, or tribunal, and to determine from the record whether such court, board, or tribunal has exceeded its jurisdiction. The reviewing court is bound by the record, which must be taken as true. If the contrary is the fact, it must be corrected by motion or suggestion to the court below. (*Roe* v. *Superior Court,* 60 Cal.

93.)    If the court had jurisdiction, and the recitals of the judgment or order are sufficient to sustain it, those recitals are conclusive. (4 Cal. Juris., p. 1107, sec. 69; *White* v. *Superior Court,* 110 Cal. 60, 64 [42 Pac. 480].)    As was said in *Central Pac. R. R. Co.* v. *Placer County,* 46 Cal. 667, 670: "It has been settled by a long series of decisions in this state that a writ of *certiorari* brings up for review only the question whether the inferior officer, court, or tribunal, has exceeded its jurisdiction, and cannot be used as a mere writ of error for the correction of mistakes, either in law or fact, committed by the inferior tribunal within the limits of its jurisdiction." (*Buckley* v. *Superior Court,* 96 Cal. 119, 120 [31 Pac. 8].)

[2]    In the matter before us, it must be conceded that the superior court had jurisdiction of the subject matter. Courts have inherent power over their records, and may at all times correct mere clerical errors made by the clerk in entering an order in the minutes, so that it may truly state what was the order of the court, by setting forth all its terms. "The right of a court of general jurisdiction to amend or correct its records so that they shall speak the truth is too well recognized to need any argument (*Crim* v. *Kessing,* 89 Cal. 478, 486 [23 Am. St. Rep. 491, 26 Pac. 1074]); and any correction or amendment of its record is conclusively presumed to have been properly made, when such record is collaterally drawn in question, or is used as evidence, or relied upon in support of any other proceeding. (*Paige* v. *Roeding,* 96 Cal. 388, 391 [31 Pac. 264]; *Cockrill* v. *Clyma,* 98 Cal. 123 [32 Pac. 888].)" (*Garoutte* v. *Haley,* 104 Cal. 497, 500 [38 Pac. 194].)    That any error or defect in a record, occurring through acts of omission or commission by the clerk in entering of record the judgment or proceedings of the court may be corrected at any time by the court, on its own motion, or on motion of either party, was held in *Brush* v. *Pacific Elec. Ry. Co.,* 58 Cal. App. 501 [208 Pac. 997], in which case a hearing in this court was denied.

[3]    The right of a lower court to amend its record to conform to the truth is not suspended or impeded by an appeal, where the amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. (*Fay* v. *Stubenrauch,* 141 Cal. 573, 575 [75 Pac. 174].)    The

same rule should apply where, as here, the lower court has found "that said record discloses that the entry on the minutes does not correctly give what was the order of the court."

[4] In answer to the contention of the petitioner that the omission does not appear from the record, and that the amendment, in fact, amounted to the correction of a judicial error and was one affecting the substantial rights of the appellant because it changed the effect of the order granting the new trial, and also because it was made after appellant had gone through the formality and incurred the costs of an appeal, it is only necessary to repeat that upon an application to this court for a writ of *certiorari,* the record sought to be reviewed imports absolute verity, and the allegations of the petition that the record does not speak the truth may not be considered. If the minutes of the court below do not correctly show the proceedings had, an application should be made in that court to correct the error. (*Hoffmann* v. *Superior Court,* 79 Cal. 475, 476 [21 Pac. 862] ; *Borchard* v. *Supervisors,* 144 Cal. 10, 14 [77 Pac. 708].) The allegations of the verified petition here and the counter-affidavits of the trial judge filed in the court below are, therefore, *dehors* the record and may not be considered by us in this action.

[5] Petitioner contends that, as he had no notice, by motion or otherwise, of the *ex parte* application, and of the action of the trial court in amending the order granting the new trial, such action of the court was in excess of its jurisdiction. Like the other contentions made by the petitioner, this objection has no place in this hearing for a writ of *certiorari,* for the reasons we have already given. As the court had undoubted jurisdiction to amend its records, errors in the exercise of such jurisdiction, however gross or glaring they may be, may not be examined into in this proceeding (*Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716] ; *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053]), but only, as has been pointed out, in a proceeding in the lower court for that purpose (*Roe* v. *Superior Court, supra; Hoffmann* v. *Superior Court, supra*). On an appeal from any judgment necessarily affected by the order of the lower court correcting its records, or on direct appeal from the order itself, if it be one specially made after judgment, a review can be had of errors of law occurring in connection with the making of such correction. Since, in this case, we are not permitted to consider any mat-

ters *dehors* the record, and as there is nothing in the record to show that the lower court has exceeded its jurisdiction in any of the matters complained of, no question of law is presented.    (*Barber* v. *Board of Supervisors*, 42 Cal. 630, 635.)

The writ is discharged.

Kerrigan, J., Myers, J., Wilbur, C. J., Lennon, J., Lawlor, J., and Seawell, J., concurred.