[Civ. No. 2550. Fourth Appellate District.—June 17, 1940.]

JAMES M. O'HARE et al., Respondents, v. PEACOCK DAIRIES, INC. (a Corporation), Appellant.

Mitchell, Johnson & Ludwick for Appellant.

Joseph Scott, Claflin, Dorsey & Campbell and J. Howard Ziemann for Respondents.

BARNARD, P. J.—In this action the respondents recovered a judgment for damages in the sum of $22,248.81 against the appellant. This amount was found and allowed as the difference between the contract price of a quantity of milk and the amount for which said milk was sold in the open market. In finding No. IX the court found that the contract was breached with respect to milk to an amount containing 71,175.50 pounds of butter fat; that the contract price was 70 cents per pound of butter fat; that the respondents received for said milk as sold in the open market the sum of $49,822.85; that the damage to the plaintiffs was the difference between the amount for which the milk sold and the contract price; and that this difference was $22,248.81.

After an appeal had been perfected the respondents moved the trial court, *ex parte,* to correct and amend "a manifest and patent clerical error inadvertently appearing in finding of fact No. IX", asking the court to change the amount "$49,-822.85", as it appeared in said finding, so that it would read "$27,574.04", which amount was the true and correct amount received by the respondents from the sale of 71,175.50 pounds of butter fat in the open market and which amount represented the difference between the contract price of said butter fat, to wit, $49,822.85, and the amount for which judgment was awarded, to wit, $22,248.81.

In response to this application the trial court entered a "*nunc pro tunc* order correcting and amending clerical error in findings of fact" in which it recited that "to correct a patent and manifest clerical error and to make the record of this court speak the truth", it was ordered that finding of fact No. IX be corrected and amended "and that the sum of $49,822.85 appearing therein shall be corrected and changed to read the sum of $27,574.04".

Thereafter, the respondents, after notice, moved in this court for a diminution of the record by adding and including the *nunc pro tunc* order made by the trial judge correcting finding of fact No. IX in the respect above noted. The appellant resisted this motion on the ground that the change sought to be made by the *nunc pro tunc* order was a correction of a judicial error and not of a clerical error and, there-

fore, one which could be remedied only through a motion for a new trial or on appeal.

■ While it is settled that judicial errors cannot be corrected by the trial court after an appeal is taken it is equally well settled that mere clerical errors or misprisions can be corrected by the trial court in order to make the record speak the truth. (*Egan* v. *Egan,* 90 Cal. 15 [27 Pac. 22]; *Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916].) In the last case cited it is said: ''The right of a lower court to amend its record to conform to the truth is not suspended or impeded by an appeal, where the amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record.''

■ It is at once apparent that the error sought to be corrected through the *nunc pro tunc* order is a clerical mistake which appears upon the face of the record. By mathematical computation it appears that 71,175.50 pounds of butter fat at 70 cents a pound would be worth $49,822.85. The finding, as originally made, is that this exact amount was received for the milk in the open market. If those amounts were correct the respondents would have suffered no damage. But the court found that the difference between the selling price and the contract price was $22,248.81. By simple computation it thus appears on the face of the finding that the price for which the milk sold in the open market should have been $27,574.04 instead of $49,822.85, which is the correction and the only change made by the *nunc pro tunc* order.

Not only was this correction made to make the record speak the truth but it sufficiently appears that the amendment made does not affect any substantial rights of the appellant. The amount for which the milk sold in the open market clearly appears in the record now before this court and if the motion for diminution of the record should be denied, this court, in considering the appeal on its merits, could not do otherwise than make a new finding which made the same correction in finding No. IX or direct that such correction be made by the trial court.

Under the facts here appearing the trial court had the right to make this correction in order to make its record speak the truth and that correction should now become a part of the record on appeal.

The motion for diminution of the record is granted and a duly certified copy of the *nunc pro tunc* order may be filed when presented.

Marks, J., concurred.