[Civ. No. 12644.   First Dist., Div. Two.   June 9, 1944.]

THOMAS E. SHEWBRIDGE, Respondent, v. THE POLICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Appellants.

John J. Taaffe for Respondent.

STURTEVANT, J.—Heretofore the plaintiff, Thomas E. Shewbridge, hereinafter called the petitioner, was a member of the Police Department of the City and County of San Francisco. On the 21st day of July, 1942, charges were filed against him in the office of the Police Commission. Later he appeared and entered a plea of not guilty. On July 29, 1942, a hearing before the Police Commission was had. The petitioner was found guilty and was ordered dismissed from the department. On the 16th day of September, 1942, the petitioner appeared in the superior court and filed a petition asking for a writ of mandate and for a writ of certiorari. An alternative writ was thereupon issued. The appellants answered denying many of the allegations set forth in said petition and at the same time filed in the superior court a return consisting of the reporter's transcript of all proceedings had before the Police Commission. Thereafter the proceeding came on for trial and the appellants offered in evidence the said return and all exhibits that had been before the Police Commission. No other evidence, oral or documentary, was introduced. In the 1st day of October, 1943, the trial court signed and caused to be entered a formal order: "Judgment and order annulling order of respondents' dismissing petitioner and granting peremptory writ of mandate." Thereafter the appellants appealed from said judgment and order and the whole thereof. Said appeal was taken pursuant to section 953a of the Code of Civil Procedure.

The transcript was filed December 29, 1943. The appellants' opening brief was filed January 27, 1944. The petitioner's brief was filed April 5, 1944. On April 21, 1944, the petitioner filed in this court, "Application of petitioner and respondent for leave to produce additional evidence." The hearing of that application was continued and submitted with the hearing of the cause. An examination of the papers filed in the application last mentioned discloses that on the hearing before the Police Commission on July 29, 1942, Albert S. Munn was called as a witness by the appellants. Said papers further show that on September 27, 1943, Albert S. Munn was adjudged an insane person. Be that as it may, the fact is immaterial in the case at bar. When he was called as a witness at the time mentioned above he was presumed to be sane. Nothing appears in the record indicating anything to the contrary. The fact that he was later adjudged insane is in

no manner pertinent to his competency at the time he was called as a witness before the Police Commission.

The charge preferred against the petitioner alleged:

"Now comes Albert S. Munn, Captain of Police, and charges said Police Officer Thomas E. Shewbridge, hereinafter referred to as the 'accused' with violations of Rule 329 and Rule 431 of the Rules and Regulations of the Department, committed as follows to wit:

"That during all the times herein mentioned, said accused was and still is a member of said Police Department, and a member of Company 'K,' thereof.

"That at or about 2.00 o'clock p.m., on Tuesday, July 21st, 1942, the said accused was detailed to traffic patrol duty at Powell and Geary Streets and did refuse to obey and strictly execute the lawful order of his superior officer, Captain Albert S. Munn, the complainant herein, to issue a traffic citation for a public offense committed in the presence of the said accused.

"That at or about 2.00 p.m., on Tuesday July 21st, 1942, the said accused while detailed to traffic patrol duty at Powell and Geary Streets and in uniform was not equipped with his revolver and handcuffs.

"That by reason of the foregoing, the said accused violated the Rules and Regulations of the Police Department of the City and County of San Francisco.

"The foregoing charges are based upon two sections of the Rules and Regulations of the Police Department of the City and County of San Francisco. They read in part as follows:

"329. A member shall, while on duty in uniform, carry the following equipment: . . . (b) Loaded revolver . . . (e) Handcuffs. . . .

"431. Shall strictly obey and promptly execute the lawful orders of his superior officers. In case of conflict of orders from superior officers he shall respectfully call the attention of the superior officer giving the last order to such conflict; should the latter not change his order, it shall be obeyed and the member shall not be held responsible for disobedience of any former order or any violation of the rules in obeying said last order."

The petitioner asserts: "The order of the police commission dismissing him is void because the rules and regulations of the San Francisco police department violate the state law in that they do not prescribe a separate and distinct

penalty for the violation of each of such rules and regulations.'' We find no merit in the point. Bearing in mind that San Francisco is acting under a charter, the general laws referred to by the petitioner have no application in the case at bar. (*West Coast Adver. Co.* v. *San Francisco,* 14 Cal.2d 516, 521 [95 P.2d 138]; *Ludolph* v. *Board of Police Commrs.,* 30 Cal.App.2d 211, 217 [86 P.2d 118]; *Christal* v. *Police Commission,* 33 Cal.App.2d 564, 572 [92 P.2d 416].)

■ The petitioner contends: ''The charges are insufficient on their face and the board had no jurisdiction to try the petitioner.'' He quotes from the first charge ''. . . did refuse to obey and strictly execute the lawful order of his superior officer. . . .'' He points to the use of the word ''lawful.'' He claims it is a conclusion of law. Conceding it was, it was merely surplusage. Superfluity does not vitiate. (Civ. Code, § 3537.) Moreover the attack is directed at the pleading of the first charge only. It does not apply to the second charge. If the latter was well pleaded it follows that the defendant board had jurisdiction to hear and determine the action.

■ The petitioner quotes certain passages from the reporter's transcript to the effect that he had his gun and handcuffs on his person at the time alleged in the charges. It is a sufficient reply to state that other passages from the reporter's transcript may be quoted as showing that he did not have them and that the testimony given by Captain Munn was true and correct. Such facts merely showed a conflict in the evidence—not an excess of jurisdiction.

■ The petitioner contends that the charges were improperly verified. That contention rests on the fact that the charges were in the form of an ordinary complaint in a justice or police court and that the verification thereof was ''Albert S. Munn being first duly sworn deposes and says: That he is the complainant preferring the within charges; that he has read said charges and that the same are true of his own knowledge, except as to those matters therein stated upon information and belief, and as to those matters he believes the same to be true. Albert S. Munn, complainant. Subscribed and sworn to before me this 21st day of July, 1942. A. J. Goldman, Deputy County Clerk.'' That form was altogether proper. (*Christal* v. *Police Commission,* 33 Cal.App.2d 564, 570 [92 P.2d 416], Charter (1932), § 155.)

The appellants contend that the record before the trial court did not show that the defendant board had acted "arbitrarily, capriciously or fraudulently or without due regard to the rights" of the petitioner, and therefore the judgment of the trial court should not have been against the appellants. In *Ludolph* v. *Board of Police Commrs.*, 30 Cal.App.2d 211, 216 [86 P.2d 118], the court said:

"The authority thus conferred upon the board is pursuant to the provisions of our state Constitution and is of a judicial character exercised by a *quasi*-judicial body. (California Const., art. XI, sec. 8½, subd. 3; *Imperial Water Co.* v. *Supervisors*, 162 Cal. 14, 17, 18 [120 P. 780]; *Crane* v. *Board of Supervisors*, 17 Cal.App.2d 360, 364-366 [62 P.2d 189].) If, and only if, the board acted in excess of jurisdiction granted *certiorari* will lie."

In *Murphy* v. *Retirement Board*, 49 Cal.App.2d 58 [121 P.2d 101], this court, speaking through Mr. Presiding Justice Nourse, said on page 60:

"When the case is one in mandamus to 'review' the trial and judgment of an administrative, or quasi-judicial board, the function of the trial court is not that of a court sitting in a trial *de novo*. We endeavored to make this clear in *Hogan* v. *Retirement Board*, 13 Cal.App.2d 676, 677 [57 P.2d 520], where we said: 'When the law gives to a fact-finding body the power to hear and determine a question of fact, the judgment of that body will not be controlled by *mandamus* in the absence of a showing that it acted arbitrarily, capriciously or fraudulently, or without due regard for the rights of the applicant.' (*Mogan* v. *Board of Police Commrs.*, 100 Cal.App. 270 [279 P. 1080]; *Sevina* v. *Hickok*, 113 Cal.App. 301 [298 P. 116]; *McColgan* v. *Board of Police Commrs.*, 130 Cal.App. 66 [19 P.2d 815].)"

On the other hand the petitioner throughout his brief contends that he is entitled to show that the record made before the defendant board did not speak the truth. He does not state any specific jurisdictional fact which was not stated in the charges but makes numerous contentions that the facts stated were not true. He thus assumes a position that is wholly untenable. In *Miller & Lux* v. *Board of Supervisors*, 189 Cal. 254, at page 269 [208 P. 304], the court said: "In reply the plaintiff properly calls attention to the fact that the function of a writ of review is to bring before the court for consideration the proceedings before the inferior tribunal,

including the evidence, and that the proceedings for a writ of review *is not a proper one in which to contest the truth as to the jurisdictional facts.* (*Golden Gate M. Co.* v. *Superior Court,* 65 Cal. 187, 191 [3 P. 628]; *Hoffman* v. *Superior Court,* 79 Cal. 475 [21 P. 862]; *De Pedrorena* v. *Superior Court,* 80 Cal. 144 [22 P. 71]; *Los Angeles* v. *Young,* 118 Cal. 295 [62 Am.St.Rep. 234, 50 P. 534].) This position is undoubtedly well taken.

*"The court is limited in its proceedings to review the order of the board of supervisors to the record there made, and from that record the jurisdiction of the board to act in the premises must appear."* (Italics ours.)

█ So in the instant case, the trial court was called upon to determine whether the pleading filed with the defendant board stated facts sufficient to confer jurisdiction on that board to hear those charges. If it did confer jurisdiction, that jurisdiction in the abstract was power to determine incorrectly as well as correctly.

We have read the record of the proceedings before the defendant board and the proceedings before the trial court from the beginning to the end. We find no place where the record shows, or purports to show, that the defendant board exceeded its jurisdiction.

It follows that the judgment of the trial court must be reversed and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied July 8, 1944, and respondent's petition for a hearing by the Supreme Court was denied August 7, 1944. Curtis, J., Carter, J., and Schauer, J., voted for a hearing.