[No. A050994. First Dist., Div. Five. Nov. 28, 1990.]

JOHN STEVEN ALBRITTON, Petitioner, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Marteen J. Miller, Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and David D. Salmon, Deputy Attorneys General, for Real Parties in Interest.

## OPINION

KING, J.—In this case we hold that Evidence Code sections 1043-1045 have not been abrogated by Proposition 115.

Petitioner John Steven Albritton is charged with one count of assault with a deadly weapon on a police officer (Pen. Code, § 245, subd. (b)), and two counts of assault on a police officer (Pen. Code, § 243, subd. (c)). Pursuant to the statutory discovery scheme of Evidence Code sections 1043-1045, petitioner filed a *Pitchess* motion (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]) for discovery of the personnel files of the officers involved. The superior court denied the motion on the sole ground that Proposition 115 had repealed the Evidence Code provisions and bars *Pitchess* discovery. Petitioner seeks a writ of mandate to vacate the denial of his motion. We stayed petitioner's trial and asked the People to file preliminary opposition to the petition. The People concede error and their concession is well advised. We issue the requested writ.

Among other things Proposition 115 enacted sections 1054 and 1054.5 of the Penal Code. Section 1054.5, subdivision (a), provides that, "No order

requiring discovery shall be made in criminal cases except as provided in this chapter." Section 1054, subdivision (e), provides that "no discovery shall occur in criminal cases except as provided by this chapter, *other express statutory provisions*, or as mandated by the Constitution of the United States." (Italics added.) ■ As the People succinctly put it, "Evidence Code section 1043 is an 'other express statutory provision,' and therefore remains operative."

By its express terms, Proposition 115 does not abrogate or repeal the express statutory discovery authorized by Evidence Code sections 1043-1045. The trial court's ruling to the contrary is in error. Petitioner is entitled to have his *Pitchess* discovery motion heard on the merits.[1]

We reach this conclusion after full briefing by the parties and after the People, as real party in interest, have conceded error and agreed that a writ should issue. We have previously notified the parties we might proceed by issuing a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order denying petitioner's *Pitchess* motion and to hear the motion on its merits. This opinion is final forthwith. (Cal. Rules of Court, rule 24(d).)

Low, P. J., and Haning, J., concurred.

---

[1] Our holding involves only the impact of Proposition 115 on *Pitchess* discovery. The general validity of the initiative is an issue currently pending before the California Supreme Court. (*Raven* v. *Deukmejian*, S016137, review granted July 10, 1990.)■

Although petitioner argues that Proposition 115 is being retroactively applied to his case, the question of retroactivity was not raised below and is also pending before the Supreme Court. (*Tapia* v. *Superior Court*, S016614, review granted Aug. 1, 1990.)■ We do not decide the retroactivity issue.