[No. A059405. First Dist., Div. Four. Jan. 29, 1993.]

DENNIS McGUIRE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
SAN FRANCISCO COUNTY PROBATION DEPARTMENT, Real Party
in Interest.

## COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Deputy Public Defender, and Grace Lidia Suarez, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Louise H. Renne, City Attorney, Burk E. Delventhal and Julia A. Moll, Deputy City Attorneys, for Real Party in Interest.

## OPINION

**PERLEY, J.**—In this opinion we consider whether a defendant may inspect his probation file.

On May 4, 1992, petitioner through counsel requested from the probation department a copy of his own probation file under the provisions of the Public Records Act. (Gov. Code, § 6250 et seq.) On May 26, 1992, the department through its counsel, the city attorney, refused the request contending that the records are specifically exempted from the Public Records

Act because they are court records and are protected from disclosure by statute and by their confidential nature.

Petitioner then filed a petition for mandate in respondent court. The petition states that petitioner was convicted of felony offenses in the San Francisco Superior Court and placed under the supervision of the chief probation officer. Petitioner disclosed no reason why he wanted the file but merely stated that he is aggrieved by the refusal of the probation department "which will result in irreparable damage to petitioner in that he is being deprived of information to which he has a statutory right."

The petition was denied and petitioner applied for relief to this court.

As explained by the court in *Copley Press, Inc.* v. *Superior Court* (1992) 6 Cal.App.4th 106, 111 [7 Cal.Rptr.2d 841], court records are specifically excluded from disclosure under the Public Records Act by section 6252 in subdivision (a) of the Government Code. ■ Relying on *Copley*, petitioner contends that the probation file is not a "court record." The issue in *Copley* was whether the informal notes prepared by the court clerk as a precursor to creation of the formal minutes of the court record are public records to which the press may require access. The court first addressed the question of whether the notes were court records. The court concluded that the rough minutes, although clearly not a "judicial record" as are the formal minutes, were court records, based on the fact that they were prepared by court personnel for important use in the court's process. (6 Cal.App.4th at p. 113.) Petitioner contends that, by contrast, "the probation officer's file is kept for the probation officer's benefit, to enable him or her to produce a report and to make intelligent recommendations to the court regarding the ongoing probation." The contrast petitioner claims is not present. The court clerk maintains the rough minutes both for his benefit in preparing the formal minutes and for the court's benefit in obtaining the formal minutes. So too the probation officer keeps the file both for his own benefit and for the benefit of the court.

The fact that the probation file is a court record and not subject to disclosure under the Public Records Act does not mean it is not subject to disclosure. Court records are open to the public unless they are specifically exempted from disclosure by statute or are protected by the court itself due to the necessity of confidentiality. (*Estate of Hearst* (1977) 67 Cal.App.3d 777, 782-783 [136 Cal.Rptr. 821]; *Craemer* v. *Superior Court* (1968) 265 Cal.App.2d 216, 221 [71 Cal.Rptr. 193].)

In listing statutory exceptions to public disclosure of court records, *Craemer* mentioned "Penal Code section 1203.10, allowing records of the probation officer to be open for inspection only by designated persons." (265

Cal.App.2d at p. 221, fn. 4.) That section provides that the probation file "shall at all times be open to the inspection of the court or of any person appointed by the court for that purpose, as well as of all magistrates, and the chief of police, or other heads of the police, unless otherwise ordered by the court." Petitioner contends that the fact that the code specifically permits some people to view the file should not be interpreted to preclude others. The section in its reference to "any other person appointed by the court" suggests that the court may allow a defendant to inspect his probation file or a portion of it. However, it does not *require* a court to allow inspection and even if a court were to allow a defendant to inspect his own probation file, it could and should limit the inspection to nonconfidential matters.

In the instant case, petitioner did not show good cause, or any cause, for the inspection he desires. Petitioner only argued that inspection was required by statute. Under this circumstance, petitioner is not entitled to the writ he seeks.

The alternative writ is discharged, and the petition is denied.

Anderson, P. J., and Poché J., concurred.