[No. A067110. First Dist., Div. Four. Dec. 29, 1994.]

JEFFREY SMITH, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
KEVIN DEGNAN, Real Party in Interest.

## COUNSEL

Altshuler, Berzon, Nussbaum, Berzon & Rubin and Lowell Finley for Petitioner.

No appearance for Respondent.

Andersen, Bonnifield & Stevens and Craig F. Andersen for Real Party in Interest.

## OPINION

**REARDON, J.**—Petitioner Jeffrey Smith is a member of the Contra Costa County Board of Supervisors. As a member of the board, Smith cast a vote that the county appeal an order entered in federal litigation involving the county. Thereafter, Kevin Degnan, real party in interest, sought injunctive relief in respondent court to set aside Smith's vote on the ground that Smith's participation in the decision to appeal violated California's Political Reform Act. Respondent court agreed, issued a preliminary injunction setting aside Smith's vote, and Smith now seeks a writ to vacate respondent court's order.

### FACTS — PROCEDURAL HISTORY

The federal litigation (*Latimore et al.* v. *County of Contra Costa* (No. C 94-1257)) (hereafter *Latimore*) is a class action filed in the United States

District Court for the Northern District of California by a group of indigent minority individuals and community churches. As explained by the federal court, the action challenges the failure of county and state health services officials to provide county hospital services to the county's minority poor residents equal to that afforded to the predominantly White central county residents. The plaintiffs alleged that the county's decision to construct a new county hospital in Martinez in the central part of the county to replace the old county hospital in Martinez is a manifestation of the county's systematic policy of discrimination against the poor and minority living in the western and eastern parts of the county.

When commencement of construction of the new hospital became imminent, the federal court issued a preliminary injunction enjoining the county "until trial from undertaking or causing others to undertake any further expenditure of funds and any further construction or preconstruction funds for the proposed Merrithew Memorial Hospital replacement until equal access to County hospital services is made available to the class of minority poor in the West and East County areas of Contra Costa County."

On August 2, 1994, the county's board of supervisors voted three to two to appeal the above order. On August 8, 1994, Kevin Degnan filed a complaint for preliminary and permanent injunctive relief in respondent court. The complaint alleged that Smith's participation in the decision to appeal the *Latimore* order violated the financial conflict of interest prohibition of the Political Reform Act of 1974 and requested that the court invalidate the decision to appeal, enjoin the county from taking further actions to appeal, and enjoin Smith from participating in board decisions relating to any issues involving the new construction of the county hospital or issues involving the county health services department.

In a declaration in support of a request for preliminary injunction, Degnan's attorney stated that at the time Smith voted to appeal the federal injunctive order, Smith was an employee of the Health Services Department of Contra Costa County and was working as a physician at Merrithew Memorial Hospital. Smith's wife was also employed as a physician by the health services department. Smith opposed the request contending that there was no violation of the Political Reform Act. Attached to the opposition was a declaration of the health services personnel officer stating that Smith had been employed as a permanent, full-time physician for the department since 1983 and his wife had been employed since 1990 as a permanent, half-time physician.

Two days before the hearing in respondent court, Degnan filed a response to Smith's opposition. At the same time, Degnan filed the declaration of Dr.

Paul F. O'Rourke who had reviewed a health care report prepared for the board of supervisors which reviewed, among other issues, the impact on county physicians if the Merrithew construction were abandoned and services contracted out to district hospitals and their private medical staffs. The report opined that reductions in the number of family practitioner physician employees could be expected if county physicians were required to practice in-patient services at district hospitals.

At the hearing, Smith's attorney complained that he had not had time to review the papers filed two days earlier by Degnan. The court replied that the papers had no "great influence . . . if any" on its decision. The court explained that its ruling in favor of Degnan rested upon the court's interpretation of section 87103 of the Government Code and its finding that there was a reasonable probability that the decision on appealing the federal order could affect the whole professional life of Smith and his wife.

On August 24, 1994, respondent court filed its order finding "that it is reasonably foreseeable that the *Latimore* litigation will affect whether SMITH or his wife will lose their employment as County physicians." The court set aside the vote to appeal the *Latimore* decision "pending final adjudication."

On September 8, 1994, Smith filed the instant petition. On September 12, 1994, this court stayed the effect of the order of August 26, 1994, with the explanation that ". . . it is the intention of this court to temporarily permit petitioner to continue participating in decisions involving the *Latimore* litigation and to temporarily allow the pursuit of the appeal in that litigation." We issued our alternative writ and now conclude that respondent court erred in setting aside the vote in which Smith participated because there is no substantial evidence that Smith violated the Political Reform Act in voting to appeal the decision in the *Latimore* litigation.

DISCUSSION

I.

In his return to the alternative writ, Degnan first contended that Smith is not entitled to extraordinary writ relief because an order granting a preliminary injunction is immediately appealable. (Code Civ. Proc., § 904.1, subd. (a)(6).) Section 1086 of the Code of Civil Procedure, however, provides that a writ of mandate "must be issued in all cases where there [is] not a plain, speedy, and adequate remedy, in the ordinary course of law." This is

such a case. Respondent court's order set aside a vote to appeal a federal action. If the county could not perfect its right to appeal the federal order granting a preliminary injunction, the county's right to appeal could be lost by inaction or, if not lost, could be prejudiced by the delay.

## II.

After the briefing on this matter was completed, Degnan informed this court that the injunction in the *Latimore* case had been dissolved, rendering moot respondent court's order setting aside the vote to appeal that decision. ■ Degnan suggests that this court dismiss the present petition without an opinion on the ground that whether respondent court's decision was correct or not is moot. We decline to do so.

"It is now established law that where . . . issues on appeal affect the general public interest and the future rights of the parties, and there is reasonable probability that the same questions will again be litigated and appealed, an appellate court may, although the appeal be subject to dismissal, nevertheless adjudicate the issues involved. [Citations.]" (*People* v. *West Coast Shows, Inc.* (1970) 10 Cal.App.3d 462, 468 [89 Cal.Rptr. 290].)

The *Latimore* litigation is still pending as is Degnan's action to enjoin Smith from participating in issues and decisions involving the county hospital and the county health services. Respondent court's broad finding, which we conclude was erroneous, has the potential of affecting the further resolution of Degnan's action against Smith. The question of whether Smith's participation in the *Latimore* litigation and related issues violates the Political Reform Act is still in controversy and the petition is not moot.

## III.

Government Code section 87100 provides: "No public official at any level of state or local government shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest."

Government Code section 87103 provides in relevant part: "An official has a financial interest in a decision within the meaning of Section 87100 if it is reasonably foreseeable that the decision will have a material financial effect, distinguishable from its effect on the public generally, on the official or a member of his or her immediate family . . . ."

No judicial decision has been cited or found which discusses the meaning of "reasonably foreseeable" in the context of Government Code section 87103. Smith has attached to his exhibits a copy of an opinion of the Fair Political Practices Commission (FPPC) (*In re Thorner* (Dec. 4, 1975) FPPC Dec. No. 75-089 [1 FPPC Opns. 198]) and copies of several advice letters in which the FPPC has explained its interpretation of the phrase. For example, the FPPC has stated: "An effect is considered reasonably foreseeable if there is a substantial likelihood that it will occur. Certainty is not required. However, if an effect is only a mere possibility, it is not reasonably foreseeable." We recognize, as Degnan points out, that advice letters are not legal authority. However, the above statement is consistent with the ordinary meaning of the term and is based upon the construction of a conflict of interest prohibition in *U. S.* v. *Mississippi Valley Co.* (1961) 364 U.S. 520, 555, 560 [5 L.Ed.2d 268, 291-292, 294-295, 81 S.Ct. 294].

With the above explanation in mind, we conclude that it was not "reasonably foreseeable" that the preliminary injunction in the *Latimore* litigation could affect the security of Smith's or his wife's employment with the county. The federal court itself made this quite clear. In replying to the county's argument that the preliminary injunction could have an impact on the quality of the county's health care, the federal court stated that the argument was "evidently premised on the faulty assumption that the proposed injunction will immediately disperse County physicians from Merrithew to the outlying district hospitals. . . . The County defendants disregard the fact that the injunction does not implement the plaintiffs' proposal, and therefore, will not affect the placement of the County's medical staff, the services provided by the County, or the public's access to Merrithew." The preliminary injunction delayed temporarily the construction of the new hospital. Whether the federal litigation will eventually have an impact on physician employees is itself speculative. However, whether the preliminary injunction could have an impact is not even speculative. The injunction required no change in county health services. Whether or not it was appealed could have had no material financial effect on Smith or his wife.

It is not necessary to determine the dispute as to the timeliness and admissibility of Dr. O'Rourke's declaration. Dr. O'Rourke did not distinguish between the preliminary injunction and the possible final determination in the *Latimore* litigation. Dr. O'Rourke was of the opinion that there would be an impact on physician employees if county physicians are required to practice in-patient services at district hospitals. He offered no opinion, however, as to whether this could be the result of the preliminary injunction.

## CONCLUSION

Let a peremptory writ of mandate issue directing respondent court to vacate its order of August 26, 1994.

Anderson, P. J., and Poché, J., concurred.