[No. C047634. Third Dist. June 28, 2005.]

COUNTY OF PLACER, Petitioner, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
WADE STONER, Real Party in Interest.

COUNSEL

Anthony J. La Bouff, County Counsel, Gerald O. Carden, Chief Deputy County Counsel, Valerie D. Flood and Brian R. Wirtz, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Leonard K. Tauman, Public Defender, Toni Carbone and William C. Dittmann, Assistant Public Defenders, for Real Party in Interest.

## OPINION

**SCOTLAND, P. J.**—In probation revocation proceedings, the Placer County Superior Court ordered that Wade Stoner be allowed to inspect his probation file maintained by the Placer County Probation Department. The probation department seeks extraordinary relief, arguing that the Penal Code discovery provisions (Pen. Code, § 1054 et seq.) are the exclusive means by which a probationer can obtain discovery in probation revocation proceedings.

As we will explain, regardless of whether the Penal Code discovery procedures otherwise apply in probation revocation proceedings, Penal Code section 1203.10 gives the trial court the authority to allow a probationer to inspect nonconfidential portions of his probation file. Accordingly, we shall deny the requested relief.

### BACKGROUND

Stoner was convicted of a violation of Health and Safety Code section 11379, subdivision (a), the importation, sale, distribution, or transportation of a controlled substance. He was placed on probation for a period of five years. The probation department subsequently filed a petition for revocation of probation, alleging eight violations of probation.

Stoner's counsel served a subpoena duces tecum on the county probation officer, seeking: "Any and all court documents, probation officer notes, telephone logs, case summary sheets, chronological logs, and entries, computer generated entries, memorandums, all correspondence involving defendant including both intra-agency correspondence and correspondence between Placer County Probation and outside agencies, including correspondence with

the Placer County District Attorney's file, briefs and appellate documents contained in defendant's file from the date he was initially placed on probation in Case Number 62-35204." Counsel asserted that the records are material and relevant to a contested issue in the case.

The probation department moved to quash the subpoena. Among other things, it argued that the Penal Code discovery provisions, sections 1054 through 1054.10, are the exclusive means of discovery from the probation department in probation revocation proceedings.

The trial court denied the motion to quash. It concluded that the Penal Code discovery provisions do not apply in probation revocation proceedings and that the records of the probation department belong to the court which, subject to claims of confidentiality, may order their inspection.

On petition of the probation department, we issued an alternative writ of mandate to consider this issue.[1]

## DISCUSSION

■ Article I, section 30, subdivision (c), of the California Constitution provides that discovery in criminal cases shall be reciprocal in nature, as prescribed by the Legislature or by the voters through the initiative process. Chapter 10, of title 6, of part 2 of the Penal Code, commencing with section 1054, implements this provision. Penal Code section 1054.5, subdivision (a), states: "No order requiring discovery shall be made in criminal cases except as provided in this chapter. This chapter shall be the only means by which the defendant may compel the disclosure or production of information from prosecuting attorneys, law enforcement agencies which investigated or prepared the case against the defendant, or any other persons or agencies which the prosecuting attorney or investigating agency may have employed to assist them in performing their duties."

The probation department asserts that, pursuant to Penal Code section 1054.5, subdivision (a), the Penal Code discovery provisions are exclusive in probation revocation hearings. It further argues that any discovery request

---

[1] The probation department complied with the subpoena duces tecum in Stoner's case. However, the probation department argues the matter is not moot because it is a recurring issue in probation revocation cases in the county. By issuing the alternative writ of mandate, we have agreed the issue should be resolved. (See *Smith v. Superior Court* (1994) 31 Cal.App.4th 205, 211 [36 Cal.Rptr.2d 897]; *Save Stanislaus Area Farm Economy v. Board of Supervisors* (1993) 13 Cal.App.4th 141, 146–148 [16 Cal.Rptr.2d 408, 16 Cal.Rptr.2d 408].)

must be made to the prosecuting attorney, who is exclusively responsible for providing discovery.

In *Jones v. Superior Court* (2004) 115 Cal.App.4th 48 [8 Cal.Rptr.3d 687] (hereafter *Jones*), the Court of Appeal noted that many statutory discovery provisions refer to the "trial," and concluded that the Penal Code discovery provisions apply only to the guilt trial in a criminal case. (*Id.* at pp. 57, 59.) Here, the trial court considered itself bound by the decision in *Jones*. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

We issued an alternative writ of mandate in part to consider whether *Jones* was decided correctly. However, upon consideration, we find it unnecessary to do so.

Penal Code section 1203.10 states in pertinent part: "If any such person shall be released on probation and committed to the care of the probation officer, such officer shall keep a complete and accurate record in suitable books or other form in writing of the history of the case in court, and of the name of the probation officer, and his act in connection with said case; also the age, sex, nativity, residence, education, habit of temperance, whether married or single, and the conduct, employment and occupation, and parents' occupation, and condition of such person committed to his care during the term of such probation and the result of such probation. *Such record of such probation officer shall be and constitute a part of the records of the court, and shall at all times be open to the inspection of the court or of any person appointed by the court for that purpose,* as well as of all magistrates, and the chief of police, or other heads of the police, unless otherwise ordered by the court." (Italics added; see also Pen. Code, § 1203.7, subd. (b).)

■ "In this country it is a first principle that the people have the right to know what is done in their courts." (*In re Shortridge* (1893) 99 Cal. 526, 530 [34 P. 227].) Accordingly, absent a specific exception, court records are open to public inspection, and courts have only limited power to restrict access. (*Copley Press, Inc. v. Superior Court* (1998) 63 Cal.App.4th 367, 373 [74 Cal.Rptr.2d 69]; *Mary R. v. B. & R. Corp.* (1983) 149 Cal.App.3d 308, 317 [196 Cal.Rptr. 871]; *Estate of Hearst* (1977) 67 Cal.App.3d 777, 784 [136 Cal.Rptr. 821].)

In *McGuire v. Superior Court* (1993) 12 Cal.App.4th 1685, 1687 and 1688 [16 Cal.Rptr.2d 726], the Court of Appeal noted the general rule that court records are open to public inspection and Penal Code section 1203.10, and

said: "The section in its reference to 'any other person appointed by the court' suggests that the court may allow a defendant to inspect his probation file or a portion of it. However, it does not *require* a court to allow inspection and even if a court were to allow a defendant to inspect his own probation file, it could and should limit the inspection to nonconfidential matters." (*McGuire*, at p. 1688.)[2]

In this case, the trial court concluded that, absent specific claims of confidentiality, it has authority to permit a probationer to inspect his probation file. We agree.

■ The probation department records are court records. (Pen. Code, § 1203.10.) Courts have inherent power over their records. (*Halpern v. Superior Court* (1923) 190 Cal. 384, 387 [212 P. 916].) Penal Code section 1203.10 specifically gives the trial court the authority to permit inspection of its records. This authority exists regardless of whether Penal Code discovery provisions otherwise apply in probation revocation hearings. (See *People v. Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1313 [96 Cal.Rptr.2d 264]; *Albritton v. Superior Court* (1990) 225 Cal.App.3d 961, 963 [275 Cal.Rptr. 314].) It would be anomalous indeed to conclude a trial court has authority to permit inspection of probation records but must refuse inspection by the subject of those records when he is faced with the loss of the conditional liberty that probation grants.

The probation department argues that if the trial court's order is upheld, then serious consequences will follow. It first asserts prosecuting attorneys will be denied access to probation files without a court order. However, from a conclusion that a court may permit a probationer to inspect nonconfidential portions of his probation file when faced with a revocation hearing, it does not necessarily follow that the prosecutor cannot have access to the file without a court order. In any event, the question of a prosecutor's access to the file is not before us.

■ The probation department asserts that under the trial court's order, the duty to disclose exculpatory evidence (*In re Steele* (2004) 32 Cal.4th 682, 696–697 [10 Cal.Rptr.3d 536, 85 P.3d 444]) will be shifted from the prosecutor to the probation department or the court. We see no problem. A probationer facing a probation revocation hearing has the right to the

---

[2] In *McGuire v. Superior Court, supra*, 12 Cal.App.4th 1685, it did not appear that the probationer was facing probation revocation proceedings, and he did not show good cause, or any cause, for inspection of the records. Hence, the court concluded he was not entitled to relief by writ of mandate.

disclosure of evidence. (*Gagnon v. Scarpelli* (1973) 411 U.S. 778, 786 [36 L.Ed.2d 656, 664, 93 S.Ct. 1756].) When the probation department investigates and gathers evidence relating to a violation, it has the constitutional duty to preserve and disclose evidence material to the issue of the guilt or innocence of the defendant. (*People v. Moore* (1983) 34 Cal.3d 215, 218–219 [193 Cal.Rptr. 404, 666 P.2d 419].) It does not matter whether the probation department makes the disclosure directly to the probationer or provides information to the prosecuting attorney for disclosure to the defense; the duty of the probation department to preserve and disclose is clear. The trial court's order did not alter that duty.

■ The probation department argues the order will require that local rules be adopted with respect to discovery of information in probation files. The trial court recognized that some formalized procedural vehicle for obtaining access to probation files may be appropriate, but said that in the meantime "it is sufficient that any reasonable request for information made to the court may be entertained by the court whether that request is made by written motion, oral motion, or by any other conventional means." We agree. By its inherent power over its records, and by Penal Code section 1203.10, the trial court has the authority to permit a probationer to inspect nonconfidential portions of his probation file. Any reasonably appropriate method for requesting access is sufficient.

There was much discussion in the record whether the probation department is part of the "prosecution team." To a certain extent, the probation department may be considered to be a law enforcement department. Probation officers have limited peace officer status. (Pen. Code, § 830.5, subd. (a).) A probation officer may rearrest a probationer without a warrant or other process and may petition to revoke probation. (Pen. Code, § 1203.2, subds. (a) & (b).) The probation department has significant responsibilities in enforcing the law and in assisting law enforcement. (*People v. Ferguson* (2003) 109 Cal.App.4th 367, 375 [134 Cal.Rptr.2d 705] [evidence had to be suppressed because it was seized during a search based upon erroneous advice from the probation department that the defendant was on searchable probation].) And as we have noted, when the probation department gathers evidence, it has a duty to preserve and disclose evidence material to the guilt or innocence of the defendant. (*People v. Moore, supra*, 34 Cal.3d at p. 219.)

On the other hand, the probation department has significant duties to the court and the probationer. It assists the court in determining an appropriate disposition after conviction. (*People v. Edwards* (1976) 18 Cal.3d 796, 801 [135 Cal.Rptr. 411, 557 P.2d 995].) When probation is granted, the probation department exercises supervisory control over the probationer as an arm or instrument of the court. (*In re Giannini* (1912) 18 Cal.App. 166, 169, [122 P.

831].) It keeps records on the probationer, which are by statute declared to be part of the records of the court. (Pen. Code, §§ 1203.7, 1203.10.) And in serving the court, the probation department must remain independent of prosecuting authorities. (*People v. Villarreal* (1977) 65 Cal.App.3d 938, 945 [135 Cal.Rptr. 636].)

In the end, the "prosecution team" concept is not controlling here. *People v. Superior Court (Barrett), supra,* 80 Cal.App.4th 1305, recognized that a governmental entity may be an investigatory agency for some purposes but not for others. (*Id.* at p. 1317.) That case involved a charge of murder in a prison in which the California Department of Corrections (CDC) played an investigatory role. The Court of Appeal held that with respect to the materials generated or maintained as part of the homicide investigation, CDC was an investigatory agency and discovery was subject to the Penal Code discovery provisions. (*Ibid.*) However, CDC's first and foremost duty was to supervise, manage, and control the state prisons, and in that respect it was distinct and separate from the district attorney. (*Ibid.*) With respect to records kept in the course of running the prison, CDC was simply a third party to whom the Penal Code discovery provisions had no application. (*Id.* at p. 1318.) As to those records, the court held that the defendant could proceed as he would with respect to any third party, i.e., through subpoena duces tecum. (*Ibid.*)

In Stoner's case, it appears the probation department played an investigatory role with respect to the alleged violations of probation. Regardless of whether the Penal Code discovery provisions apply in a probation revocation hearing, Stoner is entitled to the disclosure of material evidence relating to the alleged violations. (*People v. Moore, supra,* 34 Cal.3d at pp. 218–219.) What he seeks, however, is inspection of the records that the probation department kept in the course of supervising him on probation. (Pen. Code, § 1203.10.) In supervising Stoner on probation, and in compiling and keeping the required records, the probation department acted as an arm of the court. (*In re Giannini, supra,* 18 Cal.App. at p. 169.) The records that Stoner sought are part of the records of the court. (Pen. Code, §§ 1203.7, 1203.10.) In this respect, the probation department is certainly not a part of a "prosecution team." (*People v. Villarreal, supra,* 65 Cal.App.3d at p. 945.) It is a third party to whom the Penal Code discovery provisions do not apply, even if we assume that they otherwise apply in probation revocation proceedings. (*People v. Superior Court (Barrett), supra,* 80 Cal.App.4th at pp. 1317–1318.)

Since we agree with the trial court that it has the authority to permit a probationer to inspect nonconfidential portions of his probation file regardless of whether the Penal Code discovery provisions otherwise apply in probation revocation hearings, the probation department is not entitled to relief by writ of mandate.

## DISPOSITION

The petition for a peremptory writ of mandate is denied. The alternative writ of mandate, having served its purpose, is discharged upon the finality of this opinion. The parties shall bear their own costs in this writ proceeding. (Cal. Rules of Court, rule 56(*l*)(2).)

Sims, J., and Robie, J., concurred.